**Gaye SHIN, et al., Petitioners,**

v.

**COBB COUNTY BOARD OF EDUCATION, et al., Respondents.**

**No. 00–90027.**

United States Court of Appeals, Eleventh Circuit.

April 17, 2001.

John Rea Myer, Atlanta, GA, for Petitioners.

E. Linwood Gunn, IV, Brock, Clay, Wilson & Rogers, Marietta, GA, for Respondents.

Before EDMONDSON, HILL and GIBSON*, Circuit Judges.

PER CURIAM:

Plaintiffs, eleven public school teachers, have petitioned this court to review the district court's denial of class certification. *See* Fed.R.Civ.P. 23(f).

Plaintiffs sued the Cobb County Board of Education to challenge a "half-credit" system adopted in 1996 to calculate the salary for teachers with teaching experience outside of Cobb County. For every year taught outside of Cobb County, the teacher receives ½ credit in salary under the half-credit policy. Plaintiffs allege that this policy violates the United States and Georgia Constitutions, a Georgia stat-

---

* Honorable John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

ute, and general contract law. Plaintiffs seek declaratory and injunctive relief to end the back-credit policy and also seek back pay, restoration to the appropriate pay level, and restoration of retirement benefits.

Plaintiffs sought certification of a class of former and future Cobb County teachers who, because of the back-credit policy, are paid less than other Cobb County teachers who have the same number of years of experience. On 21 June 2000, the district court denied class certification. The clerk entered the order on 22 June 2000. On 5 July 2000, Plaintiffs filed a motion for reconsideration. The district court denied the motion on 31 July 2000, and the clerk entered the order on 2 August 2000. Plaintiffs filed their pertinent petition for permission to appeal on 16 August 2000. *See* Fed.R.Civ.P. 23(f).

## I.

This sequence of events raises concerns about whether Plaintiffs' petition for permission to appeal was timely. If the petition was untimely, then we lack jurisdiction to consider the petition. Because we have never decided whether a motion for reconsideration tolls the time to file a Rule 23(f) petition and whether the 10–day period mentioned in Rule 23(f) includes weekends, we asked the parties to submit supplemental briefing on these questions:

- Whether the motion for reconsideration, filed in the district court on July 5, 2000, tolled the period for filing in this Court a petition for permission to appeal the district court's order June 21, 2000, order denying the motion for class certification?

- If the motion did not toll, whether the petition for permission to appeal was timely filed in this Court following the entry of the June 31, 2000 order?

If the motion did toll, whether the petition for permission was timely filed in this Court following the entry of the July 31, 2000, order denying the motion?

The second and the third questions depend on how we answer the first question; so we will address that issue first.

## A.

■ Plaintiffs' Rule 23(f) petition is a permissive appeal that we consider under Fed. R.App. P. 5. Unlike Fed. R.App. P. 4(a)(4), which expressly provides for situations when a motion for reconsideration tolls the period to file an appeal, Rule 5 is silent about motions for reconsideration. The Rule 4(a) circumstances in which tolling is appropriate all involve final judgments. *See Advisory Committee Notes*, subdivision (a)(4) (1967) (indicating that Rule 4(a) only applies to "post trial motions"). In contrast, a class certification order is no final judgment. Instead, a Rule 23(f) petition to appeal under Rule 5 is permissive and interlocutory. Given these differences between Rule 4(a) and Rule 5, we conclude that the Rule 4(a) limits for when a motion for reconsideration tolls the time to appeal do not limit motions for reconsideration under Rule 5. *See Blair v. Equifax Check Servs., Inc.,* 181 F.3d 832, 837 (7th Cir.1999).

■ Plaintiffs argue that when a statute like Rule 5 is silent about the effect of a motion for reconsideration, the Supreme Court has announced a common law default rule that a motion for reconsideration tolls the time to appeal. *See United States v. Ibarra,* 502 U.S. 1, 112 S.Ct. 4, 7, 116 L.Ed.2d 1 (1991) (motion for reconsideration tolled time to appeal motion to suppress under Rule 4(b)); *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 19, 50

L.Ed.2d 8 (1976) (motion for reconsideration tolled time to appeal dismissal of indictment); *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 555–59, 11 L.Ed.2d 527 (1964) (same). These cases recognized the "consistent practice in civil and criminal cases ... to treat timely petitions for rehearing the original judgment nonfinal for purposes of appeal as long as the petition is pending." *Dieter*, 97 S.Ct. at 19; *see also Ibarra*, 112 S.Ct. at 5; *Healy*, 84 S.Ct. at 555–56.

While the *Healy-Dieter-Ibarra* line of cases does not directly address the situation presented by this case, we find these cases persuasive and can today think of no good reason to deviate from the general rule that a motion for reconsideration tolls the time to appeal. *See Blair*, 181 F.3d at 837 ("[A] motion for reconsideration filed within ten days of 'an order of a district court granting or denying class action certification' defers the time for appeal until after the district judge has disposed of the motion."). Instead, we think that the policies implicated by these cases apply with particular vigor to a Rule 23(f) petition.

Appellate review of a class certification order should be an avenue of last resort. *See generally Prado–Steiman v. Bush*, 221 F.3d 1266, 1273–74 (11th Cir.2000) (emphasizing considerations that warrant against interlocutory review of class certification orders). The Advisory Committee Notes explain that a Rule 23(f) petition should not "disrupt continuing proceedings." Interlocutory appeals are inherently disruptive, time-consuming, and expensive. *Prado–Steiman*, 221 F.3d at 1276. Review of an issue "by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing." *Dieter*, 97 S.Ct. at 19. "[T]he scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims." *Prado–Steiman*, 221 F.3d at 1273. Allowing a district court to reconsider its class certification decision before appeal may reduce the number of Rule 23(f) petitions and will permit the district court to reevaluate the order in the light of new or changing circumstances. *See* Fed.R.Civ.P. 23(c) ("An order [on class certification] ... may be altered or amended before the decision on the merits."); *Prado–Steiman*, 221 F.3d at 1273; *see also Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir.1983) ("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.").

As we have noted, "we should err, if at all, on the side of allowing the district court an opportunity to fine-tune its class certification order rather than opening the door too widely to interlocutory appellate review." *Prado–Steiman*, 221 F.3d at 1274 (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)). Because the district court retains the ability, and perhaps even a duty, to alter or amend a certification decision, a motion for reconsideration of a class certification order is a better way to correct any errors in the certification order or to recognize the importance of new facts. *See Prado–Steiman*, 221 F.3d at 1274 ("[I]nterlocutory appellate review of a class certification decision may short-circuit the district court's ability—or at least its willingness—to exercise its power to reconsider its certification decision.").

In short, we follow the Seventh Circuit and the general rule announced by the Supreme Court in holding that where a motion to reconsider a class certification order is timely filed,[1] the 10–day period to file a Rule 23(f) petition does not start to

---

**1.** By "timely filed," we mean when a motion for reconsideration, instead of a Rule 23(f)

run until the district judge rules on the motion for reconsideration.[2]

### B.

 Because we answer the first jurisdictional question in the affirmative, we then move to the third question, which addresses how to calculate the 10–day period specified in Rule 23(f). Rule 5(a) of the appellate procedure rules explains the procedures for filing a Rule 23(f) petition: the petition must "be filed within the time specified by the statute or rule authorizing the appeal." Fed. R.App. P. 5(a). Rule 23(f), which is part of the Federal Rules of Civil Procedure, authorizes this appeal. And the Federal Rules of Civil Procedure provide that Saturdays, Sundays and legal holidays do not apply "[i]n computing any period of time prescribed or allowed by these rules." Fed.R.Civ.P. 6(a). So we count no weekends or legal holidays when computing the 10–day period to file a Rule 23(f) petition. *Accord Blair,* 181 F.3d at 837.

Here, the 10–day period initially began to run on 22 June 2000 when the clerk entered the order denying class certification. *See United States v. Moore,* 182 F.2d 336, 337–38 (5th Cir.1950) (time to appeal begins to run when clerk enters order). Plaintiffs timely filed a motion for reconsideration on 5 July 2000 and the 10–day time limit began to run on 2 August 2000 when the clerk entered the order denying the motion for reconsideration. Plaintiffs filed their Rule 23(f) petition to appeal on 16 August 2000. The pertinent period spans two weekends, that is, four days, that do not count against the time to appeal. Thus, Plaintiffs' Rule 23(f) petition was timely filed.

petition for permission to appeal, is filed within ten days after the certification order.

**2.** Our decision is limited by the facts of this case and does not contemplate situations where the Rule 23(f) petition is filed after

### II.

 We have "unfettered discretion" to grant or deny a Rule 23(f) petition. Fed.R.Civ.P. 23(f) Advisory Committee Notes. In deciding whether to grant review of a class certification order, we are guided by the factors articulated in *Prado–Steiman.* 221 F.3d at 1274–76. Upon review of Plaintiffs' Rule 23(f) petition for review and in the light of *Prado–Steiman,* we decline to grant review of the class certification order. We are mindful that the class certification order is no final order. The district judge may review his certification order at any time and may consider redefined or more narrowly tailored classes or subclasses, as he suggested in his order denying certification.

Accordingly, Plaintiffs' Rule 23(f) petition for review of the class certification order is DENIED.

successive motions for reconsideration or where the judge significantly changes the certification order in response to an untimely motion for reconsideration.