[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-90008
Non-Argument Calendar
_____

D. C. Docket No. 02-01057-CV-VEH

GLADYS JENKINS,
DENISE LEVERT,
DAVID WILLIAMS,
PEGGY JOHNSON,
SHARON GRIFFIN,

                                        Petitioners-Appellants,

versus

BELLSOUTH CORPORATION,

                                        Respondent-Appellee.

_____

Petition for Permission to Appeal from an Order from the
United States District Court for the Northern District of Alabama

_____

Before BLACK, WILSON and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

In regions where there are many evangelicals, like the American South, a revival is a common religious service, see generally William G. McLoughlin, Revivals, Awakenings, and Reform (1978), but in American law, a revival of an enforceable right is an exceptional event. The question in this putative class action is whether a district court is empowered to sponsor a revival of a right to seek an interlocutory appeal of its decision about class certification as frequently and spontaneously as an evangelical preacher leads a revival for a congregation. We think not.

This petition presents an issue of first impression: whether a district court has the authority to circumvent the ten-day deadline for obtaining interlocutory review of an order denying class certification by vacating and reentering that order, after the aggrieved parties filed and this Court dismissed an untimely petition for an interlocutory appeal. Gladys Jenkins, Denise Levert, David Williams, Peggy Johnson, and Sharon Griffin, who are employees or former employees of BellSouth Corporation, petition this Court, under Federal Rule of Civil Procedure 23(f), for leave to appeal an order that denied class certification. Because the district court lacked the authority to circumvent the ten-day deadline provided in Rule 23(f) by vacating and reentering its earlier order, the petition is untimely. We

2

dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

The employees commenced a putative class action against BellSouth that alleged a pattern and practice of racial discrimination in promotions and compensation. See 42 U.S.C. §§ 1981a, 2000e-2. On September 19, 2006, the district court entered an order denying class certification. On October 3, 2006, the employees filed a motion for reconsideration of that order, and on November 7, 2006, the district court denied that motion. On November 24, 2006, the employees filed a petition, under Rule 23(f), for permission to appeal the order denying the motion to reconsider. On January 19, 2007, we dismissed that petition as untimely. See Fed. R. Civ. P. 23(f).

The employees then moved the district court to vacate and reenter its order denying their motion to reconsider class certification. The employees premised their argument on excusable neglect due to an alleged mistake by a courier service. It is undisputed that the petition was due on November 22, 2006, which was the eve of Thanksgiving Day. The employees alleged that, on November 21, 2006, they engaged a courier service to deliver the petition to this Court by overnight delivery, but the package was not delivered until November 24, 2006, the day after Thanksgiving Day. On March 5, 2007, the district court granted the motion of the

employees, vacated its order of November 7, 2006, and reentered an identical order. On March 14, 2007, the employees filed a second petition for permission to appeal under Rule 23(f).

## II. DISCUSSION

Rule 23(f) provides, "A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class certification under this rule if application is made to it within ten days after entry of the order." A motion for reconsideration filed in the district court within ten days after the certification order tolls the deadline for filing a petition under Rule 23(f) until the district court rules on the motion. Shin v. Cobb County Bd. of Educ., 248 F.3d 1061, 1064–65 (11th Cir. 2001). We lack jurisdiction to consider an untimely petition. Id. at 1063.

Rule 23 was amended in 1998 to add subdivision (f), and the Advisory Committee Notes explain, at length, that the district court plays no formal role in the decision whether to permit an interlocutory appeal:

> This permissive interlocutory appeal provision is adopted under the power conferred by 28 U.S.C. § 1292(e). Appeal from an order granting or denying class certification is permitted in the sole discretion of the court of appeals. . . . The court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.

4

Fed. R. Civ. P. 23(f) advisory committee notes.

The Committee Notes also explain that the ten-day deadline provides a single window of opportunity to seek interlocutory review, and that window closes quickly to promote judicial economy. "The 10-day period for seeking permission to appeal is designed to reduce the risk that attempted appeals will disrupt continuing proceedings. It is expected that the courts of appeals will act quickly in making the preliminary determination whether to permit appeal." Id.; see also Gary v. Sheahan, 188 F.3d 891, 892–93 (7th Cir. 1999) (Rule 23(f) provides "only one window of potential disruption," which is "deliberately small").

The employees argue by analogy to the statutory process for interlocutory appeals, see 28 U.S.C. § 1292(b), that the district court had the authority to renew the employees' opportunity to appeal after their original deadline expired. In the statutory context, we have held that a district court has the authority to vacate and reenter its certification order, under section 1292(b), to allow a new period for filing a petition for interlocutory review. Aparicio v. Swan Lake, 643 F.2d 1109, 1112 (5th Cir. Unit A Apr., 1981); see also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1291 n.9 (11th Cir. 1998). Our predecessor court explained that a district court can reconsider the criteria of section 1292(b) for certification of an interlocutory appeal, determine "that the previous justification for a certification

5

continues to exist, . . . reenter the interlocutory order and thus trigger a new ten-day period." Aparicio, 643 F.2d at 1112. Every circuit that has considered the issue has reached the same conclusion. See In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002); Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 867 (4th Cir. 2001); English v. Cody, 146 F.3d 1257, 1259 n.1 (10th Cir. 1998); Forbes ex rel. Marisol A. v. Giuliani, 104 F.3d 524, 528–29 (2d Cir. 1996); In re Benny, 812 F.2d 1133, 1137 (9th Cir. 1987); Nuclear Eng'g Co. v. Scott, 660 F.2d 241, 247–48 (7th Cir. 1981); Braden v. Univ. of Pittsburgh, 552 F.2d 948, 954–55 (3d Cir. 1977); In re La Providencia Dev. Corp., 515 F.2d 94, 95 n.1 (1st Cir. 1975).

The problem with the employees' argument by analogy is that Rule 23(f), as the Committee Notes explain, "departs from the § 1292(b) model in two significant ways." Fed. R. Civ. P. 23(f) advisory committee notes; see also 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1802.2 (3d ed. 2005). First, Rule 23(f) "does not require that the district court certify the [class] certification ruling for appeal." Fed. R. Civ. P. 23(f) advisory committee notes. Under section 1292(b), both the district court and the court of appeals exercise discretion about granting interlocutory review, but under Rule 23(f) only the court of appeals exercises that kind of discretion. Second, Rule 23(f) "does not include the potentially limiting requirements of § 1292(b) that the

6

district court order 'involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Id. (quoting 28 U.S.C. § 1292(b)). Under Rule 23(f), in contrast, "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." Id. In the light of these two distinctions, our precedent in Aparicio is inapposite.

We are not alone in concluding that section 1292(b) does not guide our interpretation of Rule 23(f). In Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., the parties sought an interlocutory appeal under section 1292(b) to avoid the deadline of Rule 23(f), but the Seventh Circuit denied that petition. 202 F.3d 957, 959 (7th Cir. 2000). Our sister circuit stated that, "when a class-certification order is an arguable candidate for a Rule 23(f) appeal, the appellants may not use section 1292(b) to circumvent the 10-day limitation in Rule 23(f)." Id.

At least three of our sister circuits have rejected other attempts to circumvent the ten-day deadline of Rule 23(f). The Tenth Circuit has held that a district court lacks the authority to grant a motion for an extension of time under Rule 23(f). Delta Airlines v. Butler, 383 F.3d 1143, 1145 (10th Cir. 2004); see also Carpenter

7

v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir. 2006) (no interlocutory appeal following ruling that leaves certification decision unchanged).  The Seventh Circuit has held that a late or successive motion to reconsider does not toll or revive the limitations period for interlocutory review.  Gary, 188 F.3d at 893.  And the Fifth Circuit has ruled that the ten-day period in Rule 23(f) cannot be tolled or revived through an untimely motion for reconsideration, regardless of how the motion is styled.  McNamara v. Felderhof, 410 F.3d 277, 281 (5th Cir. 2005).

Two of those circuits have explained that, in enforcing the deadline of Rule 23(f), what counts ordinarily is the original order denying or granting class certification, not a later order that maintains the status quo.  In Carpenter, the court dismissed a petition for interlocutory review of an order that denied a "Second Renewed Motion" to certify a subclass of employees.  456 F.3d at 1192.  The Tenth Circuit reasoned, "An order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class action certification.'"  Id. at 1191.  The Fifth Circuit has reached that conclusion too.  McNamara, 410 F.3d at 281.  "If appeal were allowed after later motions, any litigant could effectively defeat the function of the 10-day limit by filing a motion to decertify at any point in the litigation and then requesting an interlocutory appeal from that ruling."  5 James Wm. Moore et al., Moore's Federal Practice

¶ 23.88[2][c], at 23–365 (3d ed. 2006).

The same logic applies here. The single opportunity for seeking interlocutory review of the denial of class certification expired on November 22, 2006, and the later order of March 5, 2007, did not change the status quo. We hold that the district court was without the authority to circumvent the ten-day deadline for obtaining interlocutory review of its order denying class certification by vacating and reentering that order after the original deadline for seeking interlocutory relief under Rule 23(f) had expired.

Our decision does not leave the employees without an avenue for relief. They can appeal the denial of class certification following the entry of a final judgment. 28 U.S.C. § 1291. What they cannot do at this late date is pursue an interlocutory appeal.

### III.  CONCLUSION

The petition for leave to appeal the denial of class certification is **DISMISSED**.