

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2008

# Gutierrez v. Johnson Johnson

Precedential or Non-Precedential: Precedential

Docket No. 07-8025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gutierrez v. Johnson Johnson" (2008). *2008 Decisions.* Paper 1287.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1287

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-8025

———

NILDA GUTIERREZ, ET AL.

Petitioners

v.

JOHNSON & JOHNSON,

Respondent

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-05302)
District Judge: Honorable William H. Walls

———

Argued on March 13, 2008

Before: FUENTES, CHAGARES, and VAN ANTWERPEN,
Circuit Judges.

(Filed: April 22, 2008 )

Cyrus Mehri, Esq.
Pamela Coukos, Esq. (Argued)
Woodley Osborne, Esq.
Nicole M. Austin-Hillery, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Ave., NW
Suite 300
Washington, D.C. 20008

Scott Alan George, Esq.
Seeger Weiss, LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19102

Bennet D. Zurofsky, Esq.
Reitman Parsonnet, PC
744 Broad St.
Suite 1807
Newark, NJ 07102

Barry Goldstein, Esq.
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Dr.
Suite 300
Oakland, CA 94612

*Counsel for Petitioners*

Theodore V. Wells, Jr., Esq.
Jeh Charles Johnson, Esq. (Argued)
Maria Keane, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas

1

New York, NY 10019

Donald R. Livingston, Esq.
Akin Gump Strauss Hauer & Feld, LLP
Robert S. Strauss Building
1333 New Hampshire Ave., NW
Washington, D.C. 20036

Francis X. Dee, Esq.
McElroy Deutsch Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102

R. Lawrence Ashe, Esq.
Nancy Rafuse, Esq.
Ashe Rafuse & Hill, LLP
1355 Peachtree St.
Suite 500
Atlanta, GA 30309

*Counsel for Respondent*

Kelly M. Dermody, Esq.
Allison Elgart, Esq.
Daniel M. Hutchinson, Esq.
Jahan C. Sagafi, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery St.
30th Floor
San Francisco, CA 94111

Rachel J. Geman, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Ave.

2

48th Floor
New York, NY 10017

*Counsel for Amici Curiae*

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Petitioners are former employees of Johnson & Johnson. They allege that Johnson & Johnson discriminated against them on the basis of their race. Petitioners attempted to certify a class of plaintiffs that encompassed any African-American or Hispanic employee of Johnson & Johnson or any of its United States subsidiaries who was employed at any time during an approximately ten-year period. The putative class consisted of approximately 8,600 employees. On December 20, 2006, the District Court declined to certify the proposed class. On April 24, 2007, Petitioners petitioned this Court for permission to file an appeal of the District Court's denial of certification. We will dismiss the petition because it was untimely.

I.

Petitioners are African-American and Hispanic former employees of Johnson & Johnson. They allege that Johnson & Johnson's subjective compensation and promotion practices resulted in discrimination against them and other African-American and Hispanic employees of Johnson & Johnson and its subsidiaries. They filed suit against Johnson & Johnson on behalf of themselves and other similarly-

3

situated employees, alleging disparate impact and disparate treatment in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the laws of the state of New Jersey. On August 16, 2004, following extensive discovery, Petitioners filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class identified by Petitioners was "All persons of African American and /or Hispanic descent employed by defendant Johnson & Johnson in any permanent salaried exempt or nonexempt position in the United States at any time from November 15, 1997 to the present." *See App.* at 29. The proposed class encompassed approximately 8,600 current or former employees of Johnson & Johnson and all of its United States subsidiaries, regardless of position or length of employment. Following further discovery, the District Court held a full day of oral argument on the issue of class certification. On December 20, 2006, the District Court issued an order ("December 20 Order") denying the motion for class certification. According to the District Court, Petitioners failed to identify *any* Johnson & Johnson policy at the subsidiary or business unit level that resulted in discrimination; thus, according to the District Court, Petitioners' proof fell short of establishing commonality and typicality, such that class certification would have been inappropriate. *See Gutierrez v. Johnson & Johnson*, 467 F. Supp. 2d 403, 411 (D.N.J. 2006).[1]

---

[1]The District Court also noted that the size and diversity of the putative class actually cut against certification: "Furthermore, it is worth noting that the very diversity of the putative class also undermines Plaintiffs' allegation of commonality. The proposed class, which encompasses clerical employees, physicians, lawyers, computer scientists ... and computer specialists at thirty-five different companies, is unprecedented in scope and diversity." *Gutierrez*, 467 F. Supp.

4

On December 22, 2006, Petitioners filed a letter with the District Court explaining that they and Johnson & Johnson had reached an agreement for an extension of time to file a motion requesting that the District Court reconsider its denial of class certification. In this letter, the Petitioners stated that "Plaintiffs understand that this extension is sought and may be granted without prejudice to Plaintiffs' right to seek leave of court to appeal the Order [denying certification]."[2] *App.* at 149. This was the only submission to the District Court filed within ten days of the denial of class certification. The District Court granted the extension in a December 29, 2006 letter, ordering submission of the motion by January 19, 2007. On that day, Petitioners filed their Motion to Reconsider.[3] On April 10, 2007, the District Court denied Petitioners' Motion to Reconsider ("April 10 Order").

On April 24, 2007, Petitioners filed a petition with this Court, seeking permission to file an interlocutory appeal of the denial of class certification pursuant to Federal Rule of Civil Procedure 23(f). This petition was filed within ten Rule days of the denial of Petitioners' Motion to Reconsider, but 125 days after the entry of the order denying class certification. The petition was referred to a Motions Panel.

---

2d at 412.

[2] An original draft of the letter stated that the parties "agreed" that the extension did not prejudice their right to an appeal, but Johnson & Johnson rejected that language in favor of the language in the letter that was filed with the District Court.

[3] Motions to reconsider in the United States District Court for the District of New Jersey are governed by District of New Jersey Local Civil Rule 7.1.

5

On April 25, 2007, our Clerk's office wrote to the parties and requested that they address the question of whether the petition for permission to appeal was timely, given the ten-day time limit in Rule 23(f). After additional briefing on the issue of whether Petitioners' Rule 23(f) petition was timely, the Motions Panel issued a September 11, 2007 Order referring the petition to a Merits Panel. The Motions Panel did not decide the issue of whether to grant the Rule 23(f) petition. The Motions Panel's Order read: "The foregoing motion for leave to appeal and the Clerk's submission are referred to a merits panel. The Clerk shall issue a briefing schedule. The parties are directed to address whether the application under Rule 23(f) should be granted and this Court's authority to grant the application." *App*. at 39. The parties timely filed their submissions on these issues, and the question now before this Court is whether to grant Petitioners permission to file an interlocutory appeal of the District Court's December 20, 2006 denial of class certification.

## II.

The District Court had jurisdiction over Petitioners' claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as well as 42 U.S.C. § 1981 and 28 U.S.C. § 1331. Plaintiffs filed a petition for permission to appeal pursuant to Fed. R. Civ. P. 23(f). This Court has the discretion to grant the petition for interlocutory review under Rule 23(f) and 28 U.S.C. § 1292.

In determining whether to grant the petition, this Court has substantial discretion and may base its decision to grant permission to appeal "on any consideration that [it] finds persuasive." *See* Fed. R. Civ. P. 23(f) advisory committee's note. To guide the exercise of its discretion, this Court employs the factors set forth in *Newton v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir. 2001).

## III.

Rule 23 of the Federal Rules of Civil Procedure sets forth the rules and procedures governing class actions. *See* Fed. R. Civ. P. 23. Rule 23(f), which governs the method by which a party can appeal from the grant or denial of class certification, directs that: "A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within ten days after the order is entered." Fed. R. Civ. P. 23(f). A Rule 23(f) appeal is a specific type of interlocutory appeal, and the courts of appeals have very broad discretion in deciding whether to grant permission to pursue a Rule 23(f) appeal. *See* Fed. R. Civ. P. 23(f) advisory committee's note. According to the Advisory Committee's Note, which was appended to Rule 23 following the 1998 adoption of Rule 23(f), "[t]he court of appeals is given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." *Id*. As the Note further states, "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." *Id*. Because the Motions Panel neither granted nor denied Petitioners' request for permission to appeal pursuant to Rule 23(f) when it referred the matter to a Merits Panel, we would normally have to determine whether to grant Petitioners permission to appeal the District Court's denial of class certification.

## A.

Before we can determine whether to grant Petitioners' request for permission to appeal the denial of class

7

certification, however, we must first determine whether Petitioners' Rule 23(f) petition is timely. Rule 23(f) requires that a petition requesting permission to appeal an order granting or denying class certification be filed within ten days after the entry of the order. This ten-day time limit, as other courts have noted, is strict and mandatory. *See, e.g., Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1290 (11th Cir. 2007) (noting "that the ten-day deadline provides a single window of opportunity to seek interlocutory review, and that window closes quickly to promote judicial economy"); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190 n.1 (10th Cir. 2006) (noting that the timeliness requirement is "mandatory"); *Coco v. Incorporated Village of Belle Terre, New York*, 448 F.3d 490, 491-92 (2d Cir. 2006) (per curiam) (noting that Rule 23(f) is "inflexible"); *see also Gary v. Sheahan*, 188 F.3d 891, 892-93 (7th Cir. 1999). As the Seventh Circuit has noted, in order "[t]o ensure that there is only one window of potential disruption, and to permit the parties to proceed in confidence about the scope and stakes of the case thereafter, [Rule 23(f)'s] window of review is deliberately small." *Gary*, 188 F.3d at 893; *see also Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 833-35 (7th Cir. 1999) (discussing the reasoning behind the adoption of Rule 23(f) and noting that "Rule 23(f) is drafted to avoid delay" in the district court's proceedings).

Although the ten-day time limit is clearly strict and mandatory, the circuit courts have carved out a narrow exception to the rigid ten-day time limit. The circuit courts agree that a timely-filed motion to reconsider the grant or denial of class certification tolls the ten-day time limit within which to file a petition for permission to appeal under Rule 23(f). *See Carpenter*, 456 F.3d at 1191-92; *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005); *Shin v. Cobb County Bd. of Educ.*, 248 F.3d 1061, 1064-65 (11th Cir. 2001)

(per curiam); *Gary,* 188 F.3d at 892; *see also United States v. Dieter*, 429 U.S. 6, 8 & n.3 (1976) (noting that a timely-filed motion for rehearing in another context renders the original judgment non-final and thus tolls the time period for appeal *provided the motion is filed within the time to file a notice of appeal*).

We join the other circuits in holding that the ten-day period within which to file a Rule 23(f) petition is tolled by the filing of a *timely and proper* motion to reconsider the grant or denial of class certification.[4]  Thus, the ten-day time period in Rule 23(f) does not begin to run until the district court rules on the motion to reconsider.  We stress that, for the purpose of tolling the time within which to file a Rule 23(f) petition, a "timely" motion to reconsider is one that is filed within the ten-day period set forth in Rule 23(f).  *See Shin*, 248 F.3d at 1064-65 n.1 ("By 'timely filed,' we mean when a motion for reconsideration, instead of a Rule 23(f) petition for permission to appeal, is filed within ten days after the certification order.").  Accordingly, and regardless of any conflicting local rules, a motion to reconsider a class certification decision that is filed more than ten days after the order granting or denying class certification is "untimely"

---

[4]While the circuit courts that have addressed the issue of the Rule 23(f) time period have used the term "tolled" to describe the impact of a timely-filed motion to reconsider, using the term "postpones" or "resets" may be a more accurate way of describing the effect of a motion to reconsider.  Regardless of when during the ten-day Rule 23(f) period the motion to reconsider is filed, the ten-day period begins anew when the district court rules on the motion to reconsider.  Thus, the running of the ten-day period is "postponed" until the district court rules on the motion.  Nonetheless, for consistency we will use the same terminology as our sister circuits.

9

with respect to Rule 23(f)[5] and will not toll the period for filing a Rule 23(f) petition. *See, e.g., Carpenter*, 456 F.3d at 1191; *McNamara*, 410 F.3d at 281; *Gary*, 188 F.3d at 892-93. We also stress that the ten-day period for filing either a Rule 23(f) petition or a motion to reconsider runs from the order granting or denying class certification. *See* Fed. R. Civ. P. 23(f). A later order that does not change the status quo will not revive the ten-day time limit. *See Jenkins*, 491 F.3d at 1291-92 ("[W]hat counts is the original order denying or granting class certification, not a later order that maintains the status quo."); *Carpenter*, 456 F.3d at 1191-92 ("An order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class action certification.'"); *McNamara*, 410 F.3d at

---

[5]This is not to suggest that a district court's local rule that sets forth a longer period within which to file a motion to reconsider is always invalid. District courts are entitled to set and control their own dockets, and nothing in this opinion should be construed as a limitation on this power. A district court is free to extend the time to file a motion before it or to promulgate a local rule that grants more than ten days to file a motion to reconsider. A district court may not, however, enlarge the time to file a Rule 23(f) petition. *See, e.g., Delta Airlines v. Butler*, 383 F.3d 1143, 1145 (10th Cir. 2004) (per curiam); s*ee also* Fed. R. App. P. 26(b)(1) (noting that the court "may not extend the time to file: a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal"). We reiterate that the Rule 23(f) time period is strict and mandatory, and we emphasize the narrow nature of the exception for timely-filed motions to reconsider. As such, a motion to reconsider that is filed more than ten days after an order granting or denying class certification will not toll the time to file a 23(f) petition, even if the motion is "timely" as defined by the district court's rules or its scheduling order.

281 ("As the district court ... merely reaffirmed its prior ruling, the court's order was not 'an order ... granting or denying class action certification' under Rule 23(f).").

<u>B</u>.

Petitioners filed their motion to certify the proposed class on August 16, 2004. The District Court denied the motion on December 20, 2006. Petitioners filed their Motion to Reconsider on January 19, 2007, pursuant to the District Court's scheduling order. They filed neither a Rule 23(f) petition nor a motion to reconsider the denial of certification within ten days of the December 20 Order. Accordingly, because the ten-day Rule 23(f) period passed without either a Rule 23(f) petition or a proper motion to reconsider being filed, Petitioners' April 24, 2007 Rule 23(f) petition, which is now before us, is not timely.

Petitioners argue that because they filed their Rule 23(f) petition within ten days of the District Court's April 10, 2007 denial of their Motion to Reconsider, that petition is timely. This argument is unavailing because the April 10 Order did not change the status quo. *See Jenkins*, 491 F.3d at 1291. The denial of the Motion to Reconsider merely affirmed the District Court's decision not to certify the class. Accordingly, the denial of the Motion to Reconsider does not qualify as an order "granting or denying class action certification" within the meaning of Rule 23(f). *See Jenkins*, 491 F.3d at 1291-92; *Carpenter*, 456 F.3d at 1191-92; *McNamara*, 410 F.3d at 281. The December 20 Order, not the April 10 Order, was the decision that started the running of Rule 23(f)'s ten-day period. Thus, in order for their Rule 23(f) petition to have been timely, Petitioners should have filed their petition within ten days of that decision. Because Petitioners did not file their petition until long after the Rule

11

23(f) period expired, the petition now before us is untimely.

Petitioners also argue that, even though their Rule 23(f) petition was not filed within ten days of the December 20 Order, their January 19, 2007 Motion to Reconsider tolled the ten-day period until the District Court's April 10, 2007 ruling on the motion. Petitioners contend that their Motion to Reconsider was "timely" because it was filed within the time period agreed to by the parties and approved by the District Court. As a "timely" motion to reconsider, Petitioners suggest, the motion would thus toll the Rule 23(f) period. As noted *supra*, however, the fact that the motion was timely for the purposes of the District Court's schedule does not necessarily make it timely for an appeal to this Court. A "timely" motion to reconsider in the Rule 23(f) context is, as we have noted, one that is filed within ten days of the grant or denial of class certification. It is the ten-day period in Rule 23(f), and not any other schedule or time period, that dictates whether a motion to reconsider will toll Rule 23(f)'s strict time period and make a later-filed Rule 23(f) petition timely for the purposes of this Court's review. Petitioners' Motion to Reconsider was not filed within ten days of the December 20 Order, and therefore the ten-day time limit in Rule 23(f) was not tolled. The fact that the District Court extended the time for Petitioners to file their Motion to Reconsider beyond the time limit within which to file a timely Rule 23(f) petition does not change our determination that Petitioners' petition was untimely.[6]

_____

[6]As we have explained, while the District Court has the power to control its docket and was well within its authority to extend the time for Petitioners to file their Motion to Reconsider, it did not have the authority to extend the time to file a Rule 23(f) petition. *See supra* note 5. Although the Motion to Reconsider may have been "timely" filed in the

12

Alternatively, Petitioners suggest that even if their Motion to Reconsider was not timely for the purpose of tolling Rule 23(f), their December 22, 2006 letter requesting more time to file a motion to reconsider could be considered a sufficient motion for the purpose of tolling the Rule 23(f) period. We disagree. It is true that courts do not require a formal motion or pleading in order to consider a filing to be such a motion. *See*, *e.g.*, *McNamara*, 410 F.3d at 280 (noting that trial management plan could be considered a motion to reconsider *where the plan included a specific request to modify its ruling with respect to class certification*). Furthermore, as this Court has noted in another context, it is the relief desired, not the title of the motion, that dictates how this Court should view a particular filing. *See, e.g., United States v. Contents of Account Numbers 3034504504 and 144-07143 at Merrill, Lynch, Pierce, Fenner, and Smith, Inc.,* 971 F.2d 974, 987 (3d Cir.1992). Despite this general rule, we will not construe the letter filed with the District Court on December 22, 2006, to be a motion to reconsider. Petitioners' letter does not in any way provide the District Court with the reasons or errors upon which Petitioners were basing their claim for relief. Additionally, it does not comply with the District of New Jersey Local Civil Rule that governs motions to reconsider, as it was not accompanied by a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See* N.J. L.Civ.R. 7.1. At best, the letter is, as Petitioners' characterized it, a "notice of their intent to seek reconsideration." *See* Appellant's Br. at 46, 48; *App*. at 16. The letter was a petition for additional time to file a court

District Court based on its extension of time, it was not "timely" filed for the purpose of tolling Rule 23(f), despite the District Court's extension of time, because it was not filed within ten days of the December 20 Order.

13

document, not a filing itself. While the Petitioners' letter may have preserved the time to file a motion to reconsider with the District Court, it was not a proper motion to reconsider. Thus, the letter cannot, by itself, toll the ten-day period for filing a Rule 23(f) petition even though it was filed with the District Court within ten days of the December 20 Order.[7]

For all of the foregoing reasons, we hold that Petitioners' Rule 23(f) petition was untimely.

## C.

During her oral argument to this Court, Counsel for the Petitioners suggested that Johnson & Johnson waived its ability to challenge the timeliness of the Rule 23(f) petition because Johnson & Johnson did not raise that argument before the District Court. As with the argument that the petition was timely, this argument also suffers from multiple infirmities. Initially, we note that Johnson & Johnson could not have challenged the timeliness of the Rule 23(f) petition in the District Court, as the petition was not before that court. The Rule 23(f) petition was filed with and addressed issues before this Court. Unlike interlocutory appeals filed pursuant to 28 U.S.C. §1292(b) and Federal Rule of Appellate Procedure 5, no certification by the District Court was required.

---

[7]Additionally, it is worth noting that none of the circuits that have permitted the filing of a timely motion to reconsider the denial of class certification to toll the time to file a Rule 23(f) petition has permitted the mere notice of an intention to file such a motion sufficient to toll the time period. Such a holding would be inconsistent with the generally rigid, strict approach courts have taken when construing the Rule 23(f) time limit.

14

We raised the issue of timeliness *sua sponte*. Because the petition was filed with and addressed to this Court, as opposed to the District Court, the proper challenge to the timeliness of the petition would have been with this Court. Thus, Johnson & Johnson did not prejudice its ability to now challenge the timeliness of the petition by failing to first raise that argument in the District Court.

Additionally, Johnson & Johnson did not, as Petitioners argue, waive its challenge to the timeliness of the Rule 23(f) petition by failing to object to the District Court's approval of the extension of time requested by Petitioners. Petitioners suggest that by agreeing to an extension of time to file the Motion to Reconsider, Johnson & Johnson effectively agreed to an extension of time to file the Rule 23(f) petition and forfeited the ability to challenge the filing of that petition. The language of the letter belies this contention, however. The original draft of the letter to the District Court stated that the parties, Petitioners and Johnson & Johnson, "agreed" that the extension of time to file a motion to reconsider would not prejudice Petitioners' ability to appeal the denial of class certification. *See App*. at 146. Johnson & Johnson objected to this language, and the letter that was ultimately submitted read "Plaintiffs *understand* that this extension is sought and may be granted without prejudice to Plaintiffs' right to seek leave of court to appeal the Order [denying certification]." *App*. at 149 (emphasis added). The fact that Johnson & Johnson would not state that it agreed that the extension of time to file a motion to reconsider would not prejudice the Petitioners' Rule 23(f) petition suggests that Johnson & Johnson did not waive or forfeit any objection to the timeliness of the Rule 23(f) petition.

Furthermore, because a motion to reconsider and the Rule 23(f) petition are distinct motions, the failure to object to

15

the timeliness of one does not forfeit the failure to object to the timeliness of the other. Finally, as this Court had not yet adopted the rule that a timely and proper motion to reconsider tolls the time to file a Rule 23(f) petition, it was not clear at that time that whatever Johnson & Johnson agreed to with regard to Petitioners' Motion to Reconsider would necessarily have any effect on Petitioners' ability to file a Rule 23(f) petition. Thus, requiring Johnson & Johnson to object in the District Court to the filing of Petitioners' Motion to Reconsider in order to preserve an objection in this Court to the timeliness of the Rule 23(f) petition would have required prior knowledge of a rule we had not yet announced.

For all of these reasons, we will not ignore the untimeliness of Petitioners' Rule 23(f) petition based on Johnson & Johnson's actions.[8] Although it may be possible in

---

[8]On the issue of waiver, Petitioners direct our attention to the Sixth Circuit's statement in *National Ecological Foundation v. Alexander* that "where a party forfeits an objection to the untimeliness of a Rule 59(e) motion, that forfeiture makes the motion 'timely' for the purpose of Rule 4(a)(4)(A)(iv)." *See National Ecological Foundation v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007). Petitioners suggest that the same would hold true in this case, where Johnson & Johnson did not object in the District Court to the timeliness of either the Rule 23(f) petition or the Motion to Reconsider. *National Ecological* is distinguishable from the instant case, however, because a Rule 59(e) motion is made to the District Court, whereas a 23(f) petition is made directly to this Court. Thus, although a challenge to the timeliness of a Rule 59(e) motion would be properly before the District Court, any challenge to the timeliness of the Rule 23(f) petition could only have been made to this Court. The fact that Johnson & Johnson did not raise an objection to the filing of the Rule 23(f) petition before the

certain circumstances to waive an objection to an untimely-filed Rule 23(f) petition, Johnson & Johnson was not required to object in the District Court to Petitioners' actions in order to preserve an objection to the timeliness of the petition before this Court. Accordingly, Johnson & Johnson did not waive any challenge to the timeliness of Petitioners' Rule 23(f) petition.

<u>D</u>.

When it referred Petitioners's Rule 23(f) petition to a Merits Panel, the Motions Panel requested that the parties submit briefs addressing the impact of the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. ---, 127 S. Ct. 2360 (2007), and whether the doctrine of "unique circumstances" would apply to toll the time for Petitioners to file their Rule 23(f) petition. In *Bowles*, the Supreme Court noted that "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles*, 551 U.S. at ---, 127 S. Ct. at

---

District Court does not, therefore, make that petition timely. Furthermore, with regard to the argument that Johnson & Johnson's failure to object to the timeliness of the Motion to Reconsider or the extension of time to file the Motion waives any objection to the timeliness of the 23(f) petition, the court in *National Ecological* noted that a "properly filed motion that is considered by the district court" would likely toll the time to file a notice of appeal under Federal Rule of Civil Procedure 4. *See id.* Here, as we have noted, the letter was not a proper motion to reconsider. As such, and given that the Rule 23(f) time period is strict and mandatory, we decline to read *National Ecological* as requiring a determination that Petitioners' Rule 23(f) petition is timely because of Johnson & Johnson's failure to object to the filing of that petition or the Motion to Reconsider.

17

2363 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)).  The Court distinguished between time limits for taking an appeal that are set forth in a statute and those that are derived from court-made, "claims-processing" rules.  *See id*. at ---, 127 S. Ct. at 2364-65; *see also Eberhart v. United States*, 546 U.S. 12, 15-19 (2005) (per curiam) (discussing jurisdictional time limits and the Supreme Court's holding in *Kontrick v. Ryan*, 540 U.S. 443 (2004)).  According to the Court, the failure to file a notice of appeal within a statutorily-based time limit deprives the appeals court of jurisdiction to hear the appeal.  *See Bowles*, 551 U.S. at ---, 127 S. Ct. at 2364-65.  Where a time limit is set forth in a procedural, claims-processing rule, however, a court can exercise its discretion and hear an untimely appeal.  *See id*. at ---, 127 S. Ct. at 2365.  Additionally, the Court noted, a party that seeks the enforcement of a non-jurisdictional time limit can be found to have waived its objection to an untimely petition, whereas the jurisdictional time limits are not waivable.  *See id*. at ---, 127 S. Ct. at 2365.

The import of this distinction between jurisdictional and non-jurisdictional rules, according to the Supreme Court, is that courts cannot create equitable exceptions to jurisdictional time limits.  *See id*. at ---, 127 S. Ct. at 2366.  In *Bowles*, the Supreme Court held that one such equitable exception, the doctrine of "unique circumstances," was not applicable to cases where the time limit was jurisdictional.  *See id*. at ---, 127 S. Ct. at 2366.  The doctrine of "unique circumstances," first explicated in *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, prevents a party from being penalized for relying on a district court's assurance that the party has additional time, beyond the time in a statute or Rule, to file an appeal.  *See Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 216-217 (1962) (per curiam); *see also Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d

18

396, 403 (3d Cir. 2003) ("The unique circumstances doctrine was designed ... to prevent the appellant's reliance on the district court's mistake from prejudicing the appellant."); *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 387 (7th Cir. 1987) (noting that the doctrine is "limited to the situation where the district court ... assures a party that he has time to appeal, and the party relies and forgoes filing a timely appeal"). As both the Supreme Court and this Court have noted, the doctrine is to be very narrowly construed and rarely applied to expand the time to file an appeal. *See Bowles*, 551 U.S. at ---, 127 S. Ct. at 2366; *Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360, 1365 (3d Cir. 1990).

In light of *Bowles*, we would be without jurisdiction to hear Petitioners' appeal if Rule 23(f) is jurisdictional because Petitioners' petition was filed more than ten days after the December 20 Order. *Bowles* also suggests that if Rule 23(f) is jurisdictional, the doctrine of unique circumstances would be unavailable to save Petitioners' untimely petition. However, the time limit set forth in Rule 23(f) for filing a petition for permission to appeal is closer in nature to the rule-based, claims-processing time limits discussed in *Eberhart* and *Kontrick* than it is to the statutorily-based, jurisdictional time limit at issue in *Bowles*. Rule 23(f) is a rule promulgated by the Supreme Court, and the ten-day time limit is not set forth in a statute. Rule 23(f), like the rules discussed in *Eberhart* and *Kontrick*, is thus a claims-processing, procedural rule designed to ensure that the business of the courts is done in an orderly fashion.[9] *See Bowles*, 551 U.S. at

---

[9]We recognize that some circuits have referred to their lack of "jurisdiction" to hear an untimely Rule 23(f) petition. *See*, *e.g.*, *McNamara*, 410 F.3d at 279-81; *Shin,* 248 F.3d at 1064. These courts did not have the benefit of the Supreme Court's decisions in *Kontrick*, *Eberhart*, and *Bowles*, however.

---, 127 S. Ct. at 2365; *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) ("How much time litigants have to take interlocutory appeals is a question for the rulemaking process, which implies that the deadline is not jurisdictional.").

Although the time limit in Rule 23(f) is claims-processing rather than jurisdictional, it is clearly a strict and inflexible time limit. *See, e.g., Coco*, 448 F.3d at 491-92. To the extent that the doctrine of unique circumstances can still be used to toll non-jurisdictional time periods after *Bowles*,[10] the doctrine cannot save Petitioners' untimely petition. In the letter Petitioners filed with the District Court requesting additional time to file their Motion to Reconsider, Petitioners wrote that they "understood" that the extension of time would not prejudice their ability to seek review of the denial of class certification. Although this was an incorrect assumption in light of the paucity of case law in this Circuit concerning the effect of a timely-filed motion to reconsider on the Rule 23(f) time period, Petitioners cannot use the District Court's approval of the extension of time to save their untimely

Given the Court's definition of "jurisdictional" rules in *Bowles*, it appears that referring to a lack of "jurisdiction" to hear an untimely Rule 23(f) petition is not an accurate use of that word in the Rule 23(f) context.

[10] While *Bowles* clearly sounded the death knell of the doctrine of unique circumstances in the context of jurisdictional time limits, the Court was less clear as to whether its refusal to "resurrect the doctrine from its 40-year slumber" applied to claims-processing rules. *See Bowles*, 551 U.S. at ---, 127 S. Ct. at 2366. We need not reach the question of the extent of the Supreme Court's decision, however, as the doctrine is inapplicable in this case.

petition. The District Court made no affirmative statements about the effect of the extension of time on Petitioners' ability to appeal to this Court. At best, Petitioners may have relied on the District Court to correct their mistaken "understanding" of the law, which is not a situation in which the doctrine of unique circumstances would apply. Accordingly, the doctrine of unique circumstances provides no relief for Petitioners. Given the narrow manner in which this Court has interpreted the doctrine of unique circumstances, and to the extent that it survives *Bowles*, we will not toll the Rule 23(f) time period based on the District Court's grant of additional time to file a motion to reconsider.[11]

## E.

We stress that Rule 23(f)'s time limit for filing a motion to reconsider is a strict and mandatory time period, for Rule 23(f) "creates a (brief) opportunity for expedited review." *Asher*, 505 F.3d at 740. Therefore, unless a motion to reconsider is filed within ten days of the order granting or denying class certification, the Rule 23(f) petition will be untimely if filed outside the ten-day window. The purpose of Rule 23(f), in part, is to ensure that interlocutory appeals of class certification decisions are heard and decided in a timely manner, so as not to disrupt the proceedings at the district court level. *See* Fed. R. Civ. P. 23(f) advisory committee's note. The Rule specifically cautions the appellate courts to act expeditiously on such petitions for permission to appeal. *See id*. We expect that the district courts will also deal with

---

[11]Additionally, it is worth noting that during their oral argument before this Court, Petitioners specifically stated that they were not relying on the doctrine of unique circumstances to save their untimely Petition.

motions to reconsider in a timely fashion, so that the tolling of the period during which to file a Rule 23(f) petition does not result in undue delays of trial. *See Asher*, 505 F.3d at 739 ("[T[he ability to extend the debate about certification in the district court does not mean that the window of opportunity for appellate review must be open indefinitely.").

Petitioners did not file a Rule 23(f) petition or a proper motion to reconsider the denial of class certification within ten days of the District Court's December 20, 2006 Order. Accordingly, Petitioners' Rule 23(f) petition for permission to appeal the denial of class certification was not timely filed with this Court.[12]

## IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will dismiss the

---

[12]We note in passing that plaintiffs who find themselves in the same position as the Petitioners in this matter are not without recourse. Those plaintiffs may request that the district court alter or amend its order on class certification; this request can be made at any time prior to the entry of final judgement. *See* Fed. R. Civ. P. 23(c)(1)(C); *see also McNamara*, 410 F.3d at 280-81 ("Indeed ... a district court is free to reconsider its class certification ruling as often as necessary before judgment."). They may also request permission to appeal, under Rule 23(f), should the district court enter a new order on the issue of class certification, such as an order decertifying a class or one certifying a different class. *See, e.g., Jenkins*, 491 F.3d at 1291-92. Additionally, plaintiffs may appeal the denial of class certification once a final judgment has been entered. *See Asher*, 505 F.3d at 740; *Jenkins*, 491 F.3d at 1292.

Petitioners' petition for permission to appeal the denial of class certification as untimely.