**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2259
_____

DARREN L. MILLER,
                                                        Appellant

v.

AMANDA HARTWELL, INDIVIDUALLY AND OFFICIAL CAPACITY;
PAUL ENNIS, INDIVIDUALLY AND OFFICIAL CAPACITY;
JERRI SMOCK, INDIVIDUALLY AND OFFICIAL CAPACITY;
UNIT MANAGER SANTOS, INDIVIDUALLY AND OFFICIAL CAPACITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00339)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2020
Before:  RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 1, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Darren Miller, a prisoner proceeding pro se and in forma pauperis, appeals the District Court's denial of his motion for reconsideration of an order refusing him a temporary restraining order or preliminary injunction. We will summarily affirm.

Miller initiated this action in November 2019, when he was an inmate at the Pennsylvania State Correctional Institution at Albion ("SCI-Albion"). Miller's complaint alleged that the four named defendants, all employees at SCI-Albion, displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and violated his First and Fourteenth Amendment rights by denying him access to the law library and shower facilities. At the root of his claim is the SCI-Albion medical staff's treatment of a back injury he suffered from a fall in his cell. He sought monetary damages along with injunctive and declaratory relief to address his alleged medical needs. Relevant to this appeal, he also moved for a temporary restraining order or preliminary injunction directing the named employees of SCI-Albion to provide him with: medical treatment, including further testing and pain medication; devices to assist him in walking; and access both to shower facilities and the law library.

Despite Miller not yet having filed his motion to proceed in forma pauperis ("IFP motion"), the District Court held a telephonic hearing on Miller's request for preliminary injunctive relief on December 3, 2019. The court heard testimony from Miller, defendant-appellee Nurse Jerri Smock, and Dr. Lisa Baird. At the end of the hearing, the court denied the request for injunctive relief on the record, followed by a memorandum order

2

to the same effect entered on December 10, 2019.  Because Miller still had not filed his IFP motion, the court also ordered the case to be statistically closed.

In April 2020, Miller filed a completed IFP motion, which the District Court granted. When the District Court granted his IFP application, Miller's complaint was deemed filed and entered on the docket, along with his original motion for a temporary restraining order or preliminary injunction. Initially, the District Court did not realize that the docket entry of the motion was duplicative and scheduled a hearing, which it quickly cancelled after reviewing the motion. On May 18, 2020, the court issued a memorandum order dismissing the motion for injunctive relief as moot, based on the previous ruling. The court also noted that Miller has since been transferred to the State Correctional Institution at Fayette ("SCI-Fayette"), and therefore any request for prospective injunctive relief against the named defendants was moot. The same day, Miller filed a motion to reconsider the denial of injunctive relief. The District Court denied his motion the next day in a text order, concluding that he had failed to provide a substantial basis for reconsideration. Miller filed a timely notice of appeal.

We have jurisdiction over this appeal of an interlocutory order to the extent it refused an injunction pursuant to 28 U.S.C. § 1292(a)(1). We may take summary action where an appeal presents "no substantial question." 3d Cir. LAR 27.4.

A timely appeal from a denial of a Rule 59 motion to alter or amend "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982). "Therefore, the standard of review for a denial of a motion for reconsideration varies with the nature of the underlying judicial decision."

Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986). "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).

Here, the District Court denied Miller's motion for reconsideration because it did not establish a proper basis on which to reconsider the prior order. Construing Miller's motion pursuant to Federal Rule of Civil Procedure 59(e),[1] the District Court determined that Miller failed to satisfy any of the appropriate grounds for such a motion: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Because this denial "brings up the underlying judgment for review," our task is to examine the District Court's decision that the refiled motion for preliminary injunctive

---

[1] The District Court construed this motion under Rule 59(e), but Miller was explicit that he was seeking relief under Rule 60(b). While it is true that for certain purposes, this Court "regards a motion labeled *only* as a motion for reconsideration as the functional equivalent of a Rule 59 motion," Venen v. Sweet, 758 F.2d 117, 122 (3d Cir. 1985) (emphasis added), "it is the relief desired, not the title of the motion, that dictates how this Court should view a particular filing," Gutierrez v. Johnson & Johnson, 523 F.3d 187, 195 (3d Cir. 2008). Here, Miller's "motion to reconsider" cited Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6) as grounds for relief, alleging fraud and misrepresentation by the witnesses at the December motion hearing. Rule 60(b)(3) specifically provides for relief due to fraud or misrepresentation, but Rule 59(e) does not. Therefore, although titled a "motion to reconsider," Miller's motion would have been better considered under Rule 60(b), as he intended. However, because of the mootness issue, any error in the District Court's treatment of the motion was harmless.

4

relief was moot. The District Court concluded on May 19, 2020, that the refiled motion for a preliminary injunction or temporary restraining order was moot by virtue of its earlier ruling on the same motion.[2] In the same order, the District Court dismissed Miller's claims for prospective injunctive and declaratory relief contained within his complaint, on the ground that his transfer from SCI-Albion to SCI-Fayette rendered these claims moot. Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." (citing Abdul–Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993))). While that latter decision is not a final judgment and therefore is not before us, it guides our review of the District Court's denial of Miller's request for preliminary injunctive relief.

"A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Because Miller has been transferred from the facility at which the named defendants oversaw his medical care, he can demonstrate neither

---

[2] It is reasonably clear from the record that the refiling of the motion occurred because it was attached to Miller's complaint; thereby the clerk refiled the entirety of Miller's original submission once the District Court granted his IFP motion. In other words, Miller himself did not refile a duplicative motion for preliminary injunctive relief. Although the District Court initially scheduled a hearing on the refiled motion, it immediately cancelled the hearing once it understood the clerical refiling. However, because Miller's transfer alone renders his request for injunctive relief moot, as described below, we need not examine the District Court's determination of mootness based on the prior order.

likelihood of success on the merits of his claim for prospective injunctive relief nor irreparable injury from the denial of preliminary injunctive relief, and therefore both are equally moot.

Accordingly, Miller's appeal does not present a substantial question, and we will summarily affirm. 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.