United States Court of Appeals,

Fifth Circuit.

No. 96-50843

Summary Calendar.

Yong Un HONG, Individually and as next friend of Chi Hyon Hong a Minor;  Kyong-Sim Hong, Individually and as next friend of Chi Hyon Hong a Minor, Plaintiffs-Appellants,

v.

Deborah Ann SMITH, Defendant-Appellee.

Dec. 9, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Deborah Ann Smith ("Smith") has moved to dismiss Yong Un Hong and Kyong-Sim Hongs' (the "Hongs") appeal on the grounds that the Hongs failed timely to order a trial transcript.  The Court Clerk of the Fifth Circuit sent the Hongs a letter giving them 15 days from the date of the letter (July 28, 1997) to send the docketing and filing fees for the appeal in this case to the district court clerk and to make arrangements with the court reporter to order and pay for the trial transcript.  On August 11, within the 15-day period, the Hongs timely notified the Court Clerk that they had paid the fees and had made arrangements to order and pay for the trial transcript;  in fact, they had not ordered and paid for the transcript until August 15, after the 15-day period had run.  The Hongs nevertheless contend that the trial transcript should be considered to have been timely ordered because under FED. R. APP.

1

P. 26(c), they should receive three additional days to respond to the court clerk's letter as the letter was served by mail and it was postmarked the day after it was dated. *See* FED. R. APP. P. 26(c) & advisory committee's note (1996) (stating that if a party served receives service after the date indicated on the letter, it has three additional days to respond). If Rule 26(c) applies, then Smith's motion to dismiss the Hongs' appeal must be denied because the Hongs ordered the trial transcript within that additional three-day period.

Although we have not specifically decided whether Rule 26(c) applies to permit additional time to file trial transcripts, we have decided similar cases under FED. R. CIV. P. 6(e), upon which the pre-1996 version of Rule 26(c) was based.[1] In *Lauzon v. Strachan Shipping Co.,* 782 F.2d 1217, 1220 (5th Cir.1985), we held that:

> [t]he fact that notice is to be served by mail is not dispositive. The correct inquiry is whether the required actions must be performed within a prescribed period of *filing* or of *service.* If the act is to be taken after filing, the time for action begins to run from that date. If the act is to be taken after service, the three day extension of either

---

[1]Prior to 1996, Rule 26(c) read:

> [w]henever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party and the paper is served by mail, 3 days shall be added to the prescribed period.

Rule 26(c) now reads:

> [w]hen a party is required or permitted to act within a prescribed period after service of a paper upon that party, 3 calendar days are added to the prescribed period unless the paper is delivered on the date of service stated in the proof of service.

FED. R.APP. P. 26(c) or FED. R. CIV. P. 6(e) applies. *See also Speck v. United States,* No. 93-5144, 1994 WL 745411, at *1 (Fed.Cir. Apr. 20, 1994) (order) (holding that Rule 26(c) applies only where a party is required or permitted to do something after being served with a paper by a party, not to a time period prescribed by court order). In this case, the Court Clerk's letter prescribed a 15-day period for the Hongs to pay the docketing and filing fees and to order and pay for a trial transcript, running from the date of the letter. Because the Hongs' time for filing a response ran from the date of the Clerk's letter, not from the date of its receipt, this case is analogous to those cases in which the time for action begins at the date of filing. Accordingly, under case law prior to 1996, neither FED. R. CIV. P. 6(e) nor FED. R.APP. P. 26(c) would apply to permit a three-day extension of time.[2]

The advisory committee's note to the 1996 amendments to Rule 26(c) state that the main purpose of the 1996 changes was to accompany changes in Rule 25 that permit service on a party by a commercial carrier. *See* FED. R.APP. P. 26 advisory committee's note (1996). Neither the revised text of Rule 26(c) nor the accompanying advisory committee's note indicates that the changes were intended to allow a three-day extension of time for court prescribed periods of time for filing, and no courts of which we are aware have held that the 1996 amendments to Rule 26(c) made

_____

[2]Even assuming that the date of the Court Clerk's letter should be the date that it was postmarked, the Hongs' ordering of the trial transcript still would not be within the 15-day period. Thus, we do not decide whether the 15 days should begin on the date the letter was dated or the date it was postmarked.

3

such a change. Had the advisory committee intended to expand dramatically the reach of Rule 26(c) by making it also apply to court-ordered periods of time for filing, some mention of such an intention would appear in either the revised text of the rule or the committee's note. Accordingly, we hold that our pre-1996 case law interpreting FED. R.APP. P. 26(c) by reference to FED. R. CIV. P. 6(e) is still valid.

Thus, we conclude that the Hongs' trial transcript was not timely ordered. We do not reach the question of whether "good cause" might exist to enlarge the period for filing the transcript under FED. R.APP. P. 26(b) because Rule 26(b) only applies "upon motion" of a party. The Hongs have not made any such motion, so we therefore must grant Smith's motion to dismiss the appeal.

IT IS ORDERED that motion of appellee to dismiss the appeal is GRANTED. IT IS FURTHER ORDERED that the motion of appellee to dismiss the appeal as frivolous is DENIED AS MOOT. IT IS FURTHER ORDERED that appellant's motion for award of attorney's fees is DENIED.