320 F.3d 1021
 Mary BECK; Aprill Linear; Ellen Schaff; Fern Neatherlin; Wendy Kelly; Karla Coleman; Teri Neuharth; Elizabeth Anderson; Esther Gramza Thiry; Shelley Sinclair; Sheila Sage, Plaintiffs-Appellees,
v.
The BOEING COMPANY, a Delaware Corporation, Defendant-Appellant.
 No. 02-35140.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 5, 2002.
 Filed February 25, 2003.
 
 Barbara Berish Brown, Paul, Hastings, Janofsky & Walker LLP, Washington, DC, argued for appellants. C. Geoffrey Weirich, Atlanta, GA, and Lawrence B. Hannah, Jeffrey A. Hollingsworth, Nancy Williams, all of Perkins Coie LLP, Seattle, WA, joined her on the briefs.
 Peter M. Vial, Seattle, WA, and Joseph M. Sellers, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, argued for appellees. Christine Webber and Jessica Glick Lyn, both of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, and Jerry R. McNaul, Michael D. Helgren, Robert M. Sulkin, and Barbara H. Schuknecht, all of McNaul Ebel Nawrot Helgren & Vance P.L.L.C., Seattle, WA, joined them on the briefs.
 Appeal from the United States District Court for the Western District of Washington; Marsha J. Pechman, District Judge, Presiding. D.C. No. CV-00-00301-MJP.
 Before: REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 We may exercise our discretion to review a district court's Rule 23 class action certification order only if an "application is made to [us] within ten days after entry of the [district court's] order." Fed.R.Civ.P. 23(f). We consider whether Saturdays, Sundays and legal holidays are excluded from the ten-day deadline.
 
 
 2
 * The district court entered an order under Fed.R.Civ.P. 23 on October 22, 2001, certifying a class of female employees at Boeing's Puget Sound facilities who alleged that the company's policies discriminated against them on the basis of sex. Boeing objected and filed its Fed.R.Civ.P. 23(f) petition fourteen days later, on November 5, 2001. Fed.R.Civ.P. 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Because the ten-day window provided by Rule 23(f) is "less than 11 days" and four intermediate days in the fourteen-day period between the district court's order and Boeing's petition were Saturdays and Sundays, the petition was timely (14 - 4 = 10) under Civil Rule 6(a).
 
 
 3
 Plaintiffs argue that the applicable computation rule isn't Fed.R.Civ.P. 6(a), but Fed. R.App. P. 26(a), since Rule 23(f) petitions are filed not in the district courts, but in the courts of appeals. Hence, the Federal Rules of Appellate Procedure should control. FRAP 26(a) excludes "intermediate Saturdays, Sundays, and legal holidays" only when the time period allowed is "less than 7 days." Because Fed.R.Civ.P. 23(f)'s ten-day deadline exceeds FRAP 26(a)'s seven-day limit, intermediate weekends and legal holidays would be included, and the petition was untimely under the appellate rules.[1]
 
 
 4
 Every one of our sister circuits that have considered the issue has held that Civil Rule 6(a) governs the timing of Rule 23(f) petitions. In re Veneman, 309 F.3d 789, 793 (D.C.Cir.2002); In re Sumitomo Copper Litig., 262 F.3d 134, 137 n. 1 (2d Cir.2001); Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 142 n. 1 (4th Cir.2001); Shin v. Cobb County Bd. of Educ., 248 F.3d 1061, 1065 (11th Cir.2001); Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 837 (7th Cir.1999). We join that unanimous view. Plaintiffs are correct that Rule 23(f) petitions are filed in the court of appeals, see Fed.R.Civ.P. 23(f), and that the appellate rules govern procedure in our court, see Fed. R.App. P. 1. But the relevant appellate rule here is Rule 5 ("Appeal by Permission"), and it instructs litigants to file their "petition[s] for permission to appeal" "within the time specified by the statute or rule authorizing the appeal." Fed. R.App. P. 5(a)(1)-(2). The "rule authorizing the appeal" in this case is Fed. R.Civ.P. 23(f), a rule in the Federal Rules of Civil Procedure. The time computation method for the civil rules is provided in Rule 6(a), which applies whenever one computes "any period of time prescribed or allowed by these [the Civil] rules." Fed.R.Civ.P. 6(a). Therefore, Fed. R.Civ.P. 6(a) governs the timing of Fed. R.Civ.P. 23(f) petitions. Boeing's petition was timely. We exercise our discretion to review the district court's certification order and address its merits in a separately filed memorandum disposition.
 
 
 
 Notes:
 
 
 *
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The latest amendment to Fed. R.App. P. 26(a), which came into effect on December 1, 2002, aligns the time computation method of the appellate rules with that of the civil rules, eliminating the source of the confusion we discuss in this opinion. Boeing, however, filed its Fed.R.Civ.P. 23(f) petition when the old rule was still in force, so we need to decide whether Civil Rule 6(a) or former Appellate Rule 26(a) applied