**DELTA AIRLINES, Petitioner,**

v.

**Patrice BUTLER, on behalf of herself and a class of persons similarly situated, Respondent.**

**No. 04–601.**

United States Court of Appeals, Tenth Circuit.

Aug. 30, 2004.

Blaine J. Bernard, Holme, Roberts & Owen, LLP, Salt Lake City, UT, for Petitioner.

Kathryn Collard, Salt Lake City, UT, William A. Rossbach, Missoula, MT, Macon Cowles, Boulder, CO, for Respondent.

Before BRISCOE, Circuit Judge, BRORBY, Senior Circuit Judge, and LUCERO, Circuit Judge.

## ORDER

PER CURIAM.

This matter is before the court on petitioner's Motion to Reinstate Petition for Permission to Appeal. The petitioner contends that its petition should be reinstated because the district court granted its motion for extension of time. We deny the motion to reinstate.

The petitioner, defendant below, filed a motion for permission to appeal the district court's order granting class certification. *See* Fed.R.Civ.P. 23(f) (authorizing this court, in its discretion, to entertain an interlocutory appeal from the district court's class certification decision only if the application for permission to appeal is filed in this court within ten days after entry of the order); Fed. R.App. P. 5(a) (describing procedures for filing a petition for permission to appeal in the court of appeals). The district court order was entered on June 8 and the petition was filed in this court on June 24, two days after the deadline. *See* Fed.R.Civ.P. 6(a). *See also* Fed. R.App. P. 26(a)(2). Because the petition was not filed within the mandated time period, we dismissed for lack of jurisdiction. *See Beck v. Boeing Co.*, 320 F.3d 1021, 1022 (9th Cir.2003) (court may exercise its discretion to review a class certification order under Rule 23(f) only if an application is made within ten days after entry of the district court's order); *Shin v. Cobb County Board of Education*, 248 F.3d 1061, 1063 (11th Cir.2001) ("If the petition was untimely, then we lack jurisdiction to consider the petition."); *Blair v.*

*Equifax Check Services, Inc.* 181 F.3d 832, 837 (7th Cir.1999) (appeal within court's jurisdiction where petition was timely).

■ After this court denied the petition as untimely, the petitioner filed a motion for extension of time in the district court. The petitioner contends that because the district court granted the motion we should reinstate its petition. However, notwithstanding the petitioner's arguments to the contrary, the district court did not have authority to grant the motion.

The cases cited by the petitioner recognize that the appellate rules control the filing of a Rule 23(f) petition. *See In re Veneman,* 309 F.3d 789, 793 (D.C.Cir.2002) ("we agree that the Federal Rules of Appellate Procedure govern the filing of Rule 23(f) petitions...."). *See also Beck v. Boeing Co.,* 320 F.3d at 1023 ("Plaintiffs are correct that Rule 23(f) petitions are filed in the court of appeals ... and that the appellate rules govern procedure in our court...."); *Lienhart v. Dryvit Sys. Inc.,* 255 F.3d 138, 142, n. 1 (4th Cir.2001). Nothing in these cases, which pertain to the applicability of Rule 6(a), indicates that Fed.R.Civ.P. 6(b) applies to Rule 23(f) petitioners.

■ The Federal Rules of Appellate Procedure specifically foreclose appellate courts from granting an extension of time to file a petition for permission to appeal. *See* Fed. R.App. P. 26(b) (the court "may not extend the time to file: (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal...."). This court "cannot disregard the plain meaning of [the] provisions [found in Rule 26(b)(1)]". *National Black Media Coalition v. FCC,* 760 F.2d 1297, 1299 (D.C.Cir. 1985).

■ Moreover, even if the district court could grant the extension, it abused its discretion in doing so. *See United States v. Vogl,* 374 F.3d 976, 981–82 (10th Cir.

2004) (although the appellee did not dispute the district court's finding of excusable neglect, this court reviews it sua sponte as it pertains to this court's jurisdiction; district court's decision is reviewed for abuse of discretion).

The petitioner argued below that its counsel had mistakenly believed that the additional time allowed to file a pleading after service, as set forth in Fed.R.Civ.P. 6(e), applied to the filing of its petition. *See also* Fed. R.App. P. 26(c). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Id.* at 981 (*quoting Pioneer Investment Services v. Brunswick Associates,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "[D]efense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word excusable is to be read out of the rule." *United States v. Torres,* 372 F.3d 1159, 1163–64 (10th Cir.2004) (internal quotation omitted).

■ Here, the petitioner relied on the 3–day grace period found in Fed.R.Civ.P. 6(e) and Fed. R.App. P. 26(c). By their terms, however, these rules apply only when a party may, or is required to, file a response or perform an act after a paper is served on that party. The time to file a Rule 23(f) petition is within ten days after entry of the order, *see* Fed.R.Civ.P. 23(f), not after service. Moreover, ample precedent, both from this circuit and others, rejects the notion this rule would have any applicability when computing the time to file a petition for review. *See discussion in Nahatchevska v. Ashcroft,* 317 F.3d 1226, 1227 (10th Cir.2003).

Accordingly, the motion to reinstate is **DENIED.**