DCO-004                                   PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-8071
_____

RACHEL EASTMAN, an individual; ACADEMIC
SOFTWARE, a New Jersey Corporation; AIA
ENTERPRISES INC, d/b/a Chesterfield Inn, a New Jersey
Corporation; BUDGET WINDOWS, a New Jersey
Corporation; JOHN PIERSON, an individual, on behalf of
themselves and all others similarly situated;
Petitioners

v.

FIRST DATA CORPORATION, a Delaware Corporation;
FIRST DATA MERCHANT SERVICES CORPORATION, a
Florida Corporation,
Respondents

_____

On Petition for Permission to Appeal Pursuant to Fed. R. Civ.
P. 23(f)
from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-10-cv-04860)
District Judge:  Honorable William H. Walls

_____

Submitted for Possible Dismissal Due to a
Jurisdictional Defect on
October 16, 2013

Before: SMITH, HARDIMAN and VAN ANTWERPEN,
Circuit Judges

(Opinion filed December 4, 2013)

Nathan M. Edelstein, Esq.
Suite 206
761 Canterbury Drive
Yardley, PA  19067

Mark A. Fisher, Esq.
Arnold C. Lakind, Esq.
Stephen Skillman, Esq.
Szaferman, Lakind, Blumstein & Blader
101 Grovers Mill Road
Quakerbridge Executive Center, Suite 200
Lawrenceville, NJ  08648
        _Counsel for Plaintiffs - Petitioners_

Thomas A. Cunniff, Esq.
Fox Rothschild
997 Lenox Drive
Princeton Pike Corporate Center
Building 3
Lawrenceville, NJ  08648

2

*Counsel for Defendants - Respondents*

_____

OPINION

_____

PER CURIAM

Petitioners have filed a Fed. R. Civ. P. 23(f) petition for permission to appeal the District Court's order denying class certification. Because the Rule 23(f) petition is untimely, we will dismiss the petition.

I.

Plaintiffs, now Petitioners, are 24,000 New Jersey merchants who entered into contracts for credit or debit point of sales terminals with Defendants First Data Corporation and First Data Merchant Services Corporation. Plaintiff Rachel Eastman and others filed a class action complaint against Defendants in the United States District Court for the District of New Jersey alleging that, among other things, they charged small business owners unconscionable and exorbitant fees for the lease of the terminals and added extra costs not included in the contracts. Plaintiffs filed a motion to certify the class. On July 31, 2013, the District Court entered an order denying the motion. On August 19, 2013, Petitioners filed in this Court a petition for permission to appeal the order denying class certification pursuant to Fed. R. Civ. P. 23(f).

After the petition was filed, the Clerk ordered the parties to address the timeliness of the petition. Petitioners

concede that the Rule 23(f) petition was filed beyond the fourteen day deadline for filing; however, they assert that the late filing should be permitted. Respondents object to the timeliness of the petition and urge the Court to dismiss the untimely petition.

II.

A petition for permission to appeal an order denying class certification must meet the requirements of Fed. R. App. P. 5 and be filed by the deadline specified in the statute or rule authorizing the appeal. See Fed. R. App. P. 5(a)(2). Rule 23 of the Federal Rules of Civil Procedure states that this Court may permit an appeal from an order granting or denying class certification as long as the petition for permission to appeal is filed "within 14 days after the order is entered." See Fed. R. Civ. P. 23(f) (emphasis added). Because Rule 23(f) is a rule of civil procedure, Fed. R. Civ. P. 6(a) governs the calculation of time to file the petition. See Beck v. Boeing Co., 320 F.3d 1021, 1023 (9th Cir. 2003) (per curiam); In re Veneman, 309 F.3d 789, 793 (D.C. Cir. 2002) (citing cases); Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 142, n.1 (4th Cir. 2001). Fed. R. Civ. P. 6(a)(1)(B) provides that when computing time in terms of days, Saturday, Sundays and legal holidays are included. Accordingly, the deadline for filing the Rule 23(f) petition was fourteen calendar days from July 31, 2013 or August 14, 2013. See

4

Fed. R. Civ. P. 6(a)(1)(B) & 23(f). The petition, however, was filed three days late on August 19, 2013.[1]

Fed. R. Civ. P. 6(d) adds three days to the period "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F). . . ." See Fed. R. Civ. P. 6(d). This provision does not apply to the filing of a Rule 23(f) petition for permission to appeal. The time to file a Rule 23(f) petition runs from entry of the order, not service of a document. See Fed. R. Civ. P. 23(f); Delta Airlines v. Butler, 383 F.3d 1143, 1145 (10th Cir. 2004) (per curiam); see also Hong v. Smith, 129 F.3d 824, 825 (5th Cir. 1997) (three days inapplicable to letter from clerk of court directing action); Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994) (three days for service does not apply to Fed. R. Civ. P. 59(e) motion for reconsideration); Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir. 1975) (per curiam) (three additional days for service is not added for filing of notice of appeal).

Petitioners contend that the late filing should be permitted based on excusable neglect because they mistakenly added three days for service as provided by Fed. R. Civ. P. 6(d) and therefore believed that the deadline for filing the petition was Monday, August 19, 2013. This

---

[1] We note that even if Rule 26 of the Federal Rules of Appellate Procedure was used to determine the timeliness of the petition, the Rule 23(f) petition would still be untimely as the calculation of the deadline is the same pursuant to both rules. See Fed. R. App. P. 26(a)(1)(B).

argument is unconvincing. Counsel's mistake or ignorance of the rules does not constitute excusable neglect and is not a reason to accept an untimely Rule 23(f) petition. See, e.g., Delta Airlines, 383 F.3d at 1145 (citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993)).

Petitioners also assert that the Court should allow the Rule 23(f) petition to be filed out of time. As this Court has noted previously, the time limit set forth in Rule 23(f) is "strict and mandatory." Gutierrez v. Johnson & Johnson, 523 F.3d 187, 192 (3d Cir. 2008) (citations omitted). Additionally, Fed. R. App. P. 26(b)(1) clearly states that this Court cannot extend the time for filing a petition for permission to appeal. Therefore, this argument also fails.

The Court has carved out a limited exception for timely motions to reconsider the grant or denial of class certification filed in District Court. See Gutierrez, 523 F.3d at 199. If a motion to reconsider is proper and timely, it resets the time for filing a Rule 23(f) petition. See id. (noting deadline for filing Rule 23(f) petition begins anew after district court rules on timely and proper motion for reconsideration). Nonetheless, the narrow exception set forth in Gutierrez does not apply since no motion for reconsideration was filed.

Accordingly, we will dismiss the untimely Rule 23(f) petition.