FILED: July 25, 2014

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-154**
**(2:04-cv-22005-CWH)**

———————

NUCOR CORPORATION; NUCOR STEEL-BERKELEY,

      Petitioners,

    v.

QUINTON BROWN; JASON GUY; RAMON ROANE; ALVIN SIMMONS; SHELDON SINGLETARY; GERALD WHITE; JACOB RAVENELL, individually and on behalf of the class they seek to represent,

      Respondents.

———————

**O R D E R**

———————

GREGORY, Circuit Judge:

In this class action litigation, Defendants Nucor Corporation and Nucor Steel Berkeley (collectively, "Nucor") sought decertification of a class alleging hostile work environment claims. The district court denied Nucor's motion, and Nucor now petitions for interlocutory review of the refusal to decertify. We deny the petition as untimely.

This litigation concerns substantive allegations of racial discrimination, see Brown v. Nucor Corp., 576 F.3d 149 (4th Cir. 2009), however, only the procedural history is relevant to this order. The district court initially denied the plaintiffs' motion for class certification, and we vacated and remanded for certification. Id. at 160. In 2011, the district court issued an order (the "certification order") certifying two classes: a promotions class--involving disparate treatment and disparate impact claims--and a hostile work environment class. The district court denied a motion to reconsider the certification order, and Nucor subsequently filed four motions for decertification. After denying the first motion, the district court granted in part the second motion for decertification (the "2012 Order"). In light of Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), the 2012 Order decertified the promotions class yet left intact the hostile work environment class. After the court denied a third motion to decertify, Nucor sought decertification of the hostile work environment class in light of Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013). The district court denied this motion. Nucor now embarks on a

second attempt to file an interlocutory appeal challenging the refusal to decertify the hostile work environment class.[1]

## II.

Federal Rule of Civil Procedure 23(f) permits review of decisions granting or denying class certification. Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 111 (4th Cir. 2013). An appeal from a certification order must be filed within fourteen days of the order. Pashby v. Delia, 709 F.3d 307, 318 (4th Cir. 2013). The time for appeal runs once the original order on certification is entered, and begins anew only after the court rules on a timely motion to reconsider that original order. Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 837 (7th Cir. 1999); see also In re DC Water & Sewer Auth., 561 F.3d 494, 495-96 (D.C. Cir. 2009). The "rigid and inflexible" nature of this deadline is "well-established." Fleischman v. Albany Med. Ctr., 639 F.3d 28, 31 (2d Cir. 2011). An out-of-time motion for reconsideration--regardless of whether the motion is styled as one for reconsideration or for decertification--cannot "restart the clock for appellate review" under Rule 23(f). Gary v. Sheahan, 188 F.3d 891, 892 (7th Cir. 1999).

---

[1] Nucor petitioned for interlocutory review of the 2012 Order, challenging the district court's refusal to decertify the hostile work environment class. We denied the petition.

3

Furthermore, the time for appeal will not reset when a court rules on certification motions filed subsequent to the original ruling so long as the later rulings do not alter the original ruling. See In re DC Water & Sewer Auth., 561 F.3d at 496 (joining the Third, Fifth, Seventh, Tenth, and Eleventh Circuits in adopting this rule). This is because "[a]n order that leaves class-action status unchanged from what was determined by a prior order is not an order 'granting or denying class action certification.'" Carpenter v. Boeing Co., 456 F.3d 1183, 1191 (10th Cir. 2006). These subsequent motions are just attempts to amend the original certification order, and attempts to appeal them are untimely if filed more than fourteen days after the order granting or denying certification. Fleischman, 639 F.3d at 31-32.

In light of these parameters, we find Nucor's instant petition untimely. The fourth motion for decertification, filed two years after the certification order, represents Nucor's latest attempt at persuading the district court to decertify the hostile work environment class. The district court's post-certification orders never altered the status of the hostile work environment class and thus were not orders granting or denying certification as to that class. Carpenter, 456 F.3d at 1191. We will not render the Rule 23(f) deadline "toothless" by permitting Nucor to "easily circumvent Rule 23(f)'s deadline by

4

filing a motion to amend or decertify the class at any time after the district court's original order" certifying the hostile work environment class. Fleischman, 639 F.3d at 31 (quoting In re DC Water & Sewer Auth., 561 F.3d at 496-97).[2] The latest Nucor could have appealed the certification of the hostile work environment class was fourteen days after the district court denied the motion to reconsider the certification order. That date passed more than three years ago.

Entered at the direction of Judge Gregory with the concurrences of Judge King and Judge Agee.

PETITION DENIED


For the Court

/s/ Patricia S. Connor, Clerk

---

[2] In arguing that the petition is timely, Nucor cites to non-binding precedent that permitted what would have been an otherwise untimely petition. McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 672 F.3d 482 (7th Cir. 2012). The Seventh Circuit created the exception because it found Wal-Mart to be a "milestone" decision that significantly altered class action jurisprudence and clearly required reversal of the challenged order. Id. at 485-87. We are not persuaded that Comcast rises to this level demanding exceptional treatment in this case.