**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1622

ROSE LORENZO,

    Plaintiff - Appellee,

  v.

PRIME COMMUNICATIONS, L.P., a Texas General Partnership,

    Defendant - Appellant.

No. 14-1727

ROSE LORENZO,

    Plaintiff - Appellee,

  v.

PRIME COMMUNICATIONS, L.P., a Texas General Partnership,

    Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge; Kimberly Anne Swank, Magistrate Judge. (5:12-cv-00069-H)

Argued: October 27, 2015    Decided: November 24, 2015

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

No. 14-1622 dismissed; No. 14-1727 affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge King and Judge Shedd joined.

———————————

**ARGUED**: William Wayne Pollock, RAGSDALE LIGGETT, PLLC, Raleigh, North Carolina, for Appellant. Harris D. Butler III, BUTLER ROYALS, PLC, Richmond, Virginia, for Appellee. **ON BRIEF**: John B. Walker, RAGSDALE LIGGETT, PLLC, Raleigh, North Carolina, for Appellant. Zev H. Antell, BUTLER ROYALS, PLC, Richmond, Virginia; Stephen A. Dunn, EMANUEL & DUNN, Raleigh, North Carolina, for Appellee.

———————————

NIEMEYER, Circuit Judge:

Rose Lorenzo commenced this action against her former employer, Prime Communications, L.P., under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq., alleging that she was unlawfully deprived of wages earned as commissions and overtime pay earned from work of more than 40 hours per week.

The district court conditionally certified her FLSA claim as a collective action under 29 U.S.C. § 216(b) and certified her North Carolina Wage and Hour Act claims as a class action under Federal Rule of Civil Procedure 23. It also denied Prime Communications' motion to compel arbitration, concluding that Lorenzo never agreed to arbitrate such claims. Prime Communications separately appealed both rulings, and we consolidated the two appeals.

We now affirm the district court's order denying Prime Communications' motion to compel arbitration, concluding that Prime Communications failed to produce evidence demonstrating that Lorenzo agreed to arbitrate any of her claims. We also dismiss Prime Communications' appeal from the class action certification order, concluding that its petition for permission to appeal the district court's order was untimely filed.

Lorenzo began employment with Prime Communications, an authorized retailer of AT&T wireless communication devices and services, in October 2009 as a "solutions specialist" in a retail store in Fuquay-Varina, North Carolina. As a solutions specialist, Lorenzo sold merchandise and cell-phone service plans, among other things. In February 2010, she was promoted to store manager of a retail store in Raleigh, North Carolina.

As a solutions specialist, Lorenzo received hourly wages, paid biweekly, plus a variable commission based on the gross profit of individual sales that she made. As a store manager she received a salary, paid biweekly, plus a variable commission based on the gross profits of the store, which was sometimes referred to as a bonus. All commissions and bonuses were paid separately from wages and salaries with a monthly check.

Lorenzo commenced this action in February 2012 under the FLSA and the North Carolina Wage and Hour Act, alleging that Prime Communications deprived her of lawful wages, in violation of those acts. More particularly, she alleged that Prime Communications incorrectly calculated her commissions and bonuses and failed to pay her overtime pay, even though she worked for more than 40 hours per week.

The district court conditionally certified the FLSA claim as a collective action under 29 U.S.C. § 216(b) and certified

the state wage and hour claims as a class action under Federal Rule of Civil Procedure 23.

Relying on an arbitration provision contained in its Employee Handbook, which had been provided to Lorenzo when she began her employment, Prime Communications filed a motion to compel arbitration. The district court denied the motion, concluding that Prime Communications did not provide sufficient evidence that Lorenzo had agreed to arbitration. The court held that mere receipt of the Employee Handbook and continued work for Prime Communications after receiving it were insufficient evidence of Lorenzo's agreement to the Handbook's arbitration provision. In response to Prime Communications' argument that "its routine requirement for employees to execute an acknowledgment form [was] sufficient evidence of [Lorenzo's] agreement," the court noted that Prime Communications "ha[d] been unable to produce any signed acknowledgment form signed by [Lorenzo]," and thus found the argument "untenable."

When, about two months later, Prime Communications located a copy of the acknowledgment form that Lorenzo had signed and asked the district court to reconsider its ruling denying arbitration, the court refused to change its position because "the acknowledgment [form] explicitly state[d] that the handbook does not create a contract."

5

Relying on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a), Prime Communications filed this interlocutory appeal challenging the district court's order denying its renewed motion to compel arbitration, and relying on Federal Rule of Civil Procedure 23(f), Prime Communications filed a separate petition for permission to appeal the district court's order certifying the state wage and hour claims as a class action.* Lorenzo filed a motion to strike the petition for permission to appeal the class action certification order because Prime Communications did not file its petition within 14 days of the district court's order, as required by Rule 23(f).

By order dated June 24, 2014, we deferred Lorenzo's motion to strike the petition for permission to appeal, pending oral argument, and by order dated July 25, 2014, we consolidated the two appeals.

II

The facts critical to Prime Communications' renewed motion to compel arbitration are not disputed. Lorenzo acknowledged that she received Prime Communications' 2010 Employee Handbook when beginning her employment and that the Handbook committed

---

* The district court's order also conditionally certified Lorenzo's FLSA claim as a collective action, but Prime Communications does not seek permission to appeal that aspect of the order.

6

"all employment issues" first to an internal dispute resolution process, then to mediation, and finally to arbitration. It provided that employees "waived all rights to bring a lawsuit and to a jury trial regarding any dispute," including claims under the FLSA. After receiving the Handbook, Lorenzo continued her employment with Prime Communications.

Lorenzo also signed a form on October 20, 2009, explicitly acknowledging receipt of the Handbook. That form provided in relevant part:

> I understand that I am responsible for reviewing the Prime Communications Employee Handbook.
>
> * * *
>
> I understand that the Prime Communications' Employee Handbook is not a contract of employment and does not change the employment-at-will status of employees. Moreover, <u>no provision should be construed to create any bindery [sic] promises or contractual obligations</u> between the Company and the employees (management or non-management).
>
> * * *
>
> By my signature below, I acknowledge, understand, accept, and agree to comply with the information contained in the Employment Handbook. I acknowledge that I will review and read the Company Handbook and that I have the opportunity to ask my Manager questions about the Handbook. I further acknowledge that I fully understand or will make sure that I do understand the contents there of, as they relate to my employment with Prime Communications. <u>I understand that the information contained in the Handbook are guidelines only and are in no way to be interpreted as a contract.</u>

(Emphasis added).

7

The district court concluded that Lorenzo's receipt of the Handbook and her continued employment were insufficient to create an agreement to arbitrate and that, in any event, the arbitration provision in the Handbook conflicted with the acknowledgment form, which "explicitly state[d] that the handbook does not create a contract." The court accordingly denied Prime Communications' motions to compel arbitration.

Prime Communications contends that the district court erred in refusing to compel arbitration because "Lorenzo agreed to arbitrate all disputes relating to her employment by affirmatively assenting to the provisions of Prime's Employee Handbook, which include[d] a dispute resolution provision requiring arbitration." It argues that the arbitration provision of the Employee Handbook is binding and severable from the rest of the Handbook, "regardless of whether [the] employee handbook as a whole constitute[d] an employment contract." It notes that, under existing case law, arbitration should be favored and therefore "any doubts must be resolved in favor of arbitration as a matter of federal law."

Lorenzo responds by pointing to the express language of her signed acknowledgment form, which denied that any provisions in the Employee Handbook created a contract. She asserts that, "where a signed acknowledgment page repeatedly states that no provisions in the Handbook are contractual," the Handbook cannot

8

be found to have created a contract. She argues that unlike some cases cited by Prime Communications, the acknowledgment form at issue here did not exempt the Employee Handbook's arbitration provision from the acknowledgment form's explicit statements disclaiming that the Handbook established any binding obligations.

The parties correctly presume that resolution of this issue requires the determination of whether the parties entered into a contract to commit employment disputes to arbitration. The FAA so provides unambiguously:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added). While the Supreme Court has acknowledged a "liberal federal policy favoring arbitration," AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)), it has also consistently held that § 2 of the FAA reflects the "fundamental principle that arbitration is a matter of contract," id. (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 67 (2010)). Thus, a court may order arbitration only when it "is satisfied that the parties agreed to arbitrate." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561

9

U.S. 287, 297 (2010). And the question of whether the parties agreed to arbitrate is resolved by application of state contract law. See Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998).

North Carolina contract law, like that of most states, requires that the parties "assent to the same thing in the same sense, and their minds meet." Normile v. Miller, 326 S.E.2d 11, 15 (N.C. 1985) (internal quotation marks omitted) (quoting Goeckel v. Stokely, 73 S.E.2d 618, 620 (N.C. 1952)).

In this case, Lorenzo's acknowledgment that she received the Handbook and her continued work after reviewing its arbitration terms could have created implied assent under North Carolina law. See Hightower v. GMRI, Inc., 272 F.3d 239, 242-43 (4th Cir. 2001) (reviewing North Carolina case law holding that "continuing employment after learning of the existence of [a company's dispute resolution procedure] constitutes an employee's agreement to be bound by an arbitration agreement"). To the extent that the district court in this case failed to recognize that principle, it erred. Nonetheless, there is, in this case, the additional fact that around the time that Lorenzo received the Employee Handbook, she also signed an acknowledgment form providing that the terms of the Employee Handbook, including its arbitration provision, were "guidelines

10

only" that did not create any binding commitments.  As the signed form stated unambiguously:

> I understand that the Prime Communications' Employee Handbook is not a contract of employment and . . . no provision should be construed to create any bindery [sic] promises or contractual obligations between the Company and the employees (management or non-management).

> * * *

> I understand that the information contained in the Handbook are guidelines only and are in no way to be interpreted as a contract.

The district court correctly recognized that the acknowledgment form that Prime Communications drafted and Lorenzo signed expressly disclaimed any implied agreement to be contractually bound by any terms in the Employee Handbook.  Any _implied_ assent that might have been created by Lorenzo's receipt and review of the Handbook and by her continued employment was nullified by the express agreement of the parties not to be bound by any of the Handbook's terms.  Cf. Snyder v. Freeman, 266 S.E.2d 593, 602-03 (N.C. 1980) (explaining the North Carolina legal principle "that where there is an express contract between parties, there can be no implied contract between them covering the same subject matter dealt with in the express agreement").

Accordingly, we affirm the district court's order denying Prime Communications' renewed motion to compel arbitration.

11

III

Prime Communications also seeks permission under Federal Rule of Civil Procedure 23(f) to appeal the district court's order certifying Lorenzo's state wage and hour claims as a class action under Rule 23. Lorenzo filed a motion to strike Prime Communications' petition as untimely filed. We now grant that motion and dismiss Prime Communications' petition.

The district court entered its class certification order on March 24, 2014. Relying on Rule 23(f), Prime Communications filed a petition for permission to file an interlocutory appeal from that order on April 10, 2014. Rule 23(f) authorizes review of interlocutory orders granting or denying class certification if a court of appeals grants permission. But the Rule provides that any petition for permission must be "filed with the circuit clerk within 14 days after the order is entered." As Lorenzo noted, Prime Communications filed its petition for permission to appeal 17 days after the district court entered its order granting certification, which fails to satisfy Rule 23(f)'s 14-day deadline.

Although it is unclear whether Rule 23(f)'s deadline is jurisdictional, see Eberhart v. United States, 546 U.S. 12, 17-19 (2005) (casting doubt on the notion that the timeliness of notices of appeal generally is jurisdictional), this court and others have nonetheless consistently interpreted Rule 23(f)'s

12

14-day time limit to be "rigid and inflexible," Nucor Corp. v. Brown, 760 F.3d 341, 343 (4th Cir. 2014) (quoting Fleischman v. Albany Med. Ctr., 639 F.3d 28, 31 (2d Cir. 2011)); see also Pashby v. Delia, 709 F.3d 307, 318 (4th Cir. 2013) ("[A]n appellant must file a petition to appeal within fourteen days after the district court enters its order regarding class certification" (emphasis added)); Gutierrez v. Johnson & Johnson, 523 F.3d 187, 192 (3d Cir. 2008) (describing Rule 23(f)'s time limit as "strict and mandatory"); Carpenter v. Boeing Co., 456 F.3d 1183, 1190 n.1 (10th Cir. 2006) ("Even if [Rule 23(f)] is not jurisdictional, however, it is unquestionably 'mandatory' if properly raised by the opposing party").

Prime Communications argues that its filing was timely because three days must be added to the Rule 23(f) deadline by reason of Federal Rule of Civil Procedure 6(d) and Federal Rule of Appellate Procedure 26(c). Rule 6(d) provides, "When a party may or must act within a specified time after service . . . , 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (emphasis added). And Rule 26(c) provides similarly, "When a party may or must act within a specified time after service, 3 days are added after the period would otherwise expire under Rule 26(a)." Fed. R. App. P. 26(c) (emphasis added). These Rules extend deadlines following the

13

service of documents by an opposing party in specified circumstances to accommodate time needed to effect service; they do not apply to filing deadlines following entry of court orders, as Prime Communications mistakenly contends. Rule 23(f) provides for a 14-day filing deadline which "runs once the original order on certification is entered." Nucor Corp., 760 F.3d at 343 (emphasis added). Because Prime Communications filed its petition for permission to appeal 17 days after the district court entered its order, we dismiss the petition as untimely filed under Rule 23(f). Accord Eastman v. First Data Corp., 736 F.3d 675, 677 (3d Cir. 2013) (explaining that "[t]he time to file a Rule 23(f) petition runs from entry of the order, not service of a document," and therefore dismissing as untimely a Rule 23(f) petition filed 3 days after Rule 23(f)'s 14-day deadline).

IV

In sum, in appeal No. 14-1727, we affirm the district court's order denying Prime Communications' renewed motion to compel arbitration, and in appeal No. 14-1622, we dismiss as untimely Prime Communications' petition for permission to appeal under Rule 23(f). In view of these rulings, we do not reach Lorenzo's claims that Prime Communications waived its right to arbitrate by continuing its participation in the litigation in

14

court and that the arbitration program at issue is substantively defective. We also do not reach Prime Communications' claim that the district court abused its discretion in certifying Lorenzo's state claims as a class action.

No. 14-1622 <u>DISMISSED</u>;
No. 14-1727 <u>AFFIRMED</u>