**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-1412**

---

LATRICIA E. GOODWIN, individually and on behalf of a class of persons,

Plaintiff - Appellee,

v.

BRANCH BANKING & TRUST COMPANY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:16-cv-10501)

---

Submitted:  September 29, 2017                    Decided:  October 31, 2017

---

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jonathan L. Anderson, JACKSON KELLY PLLC, Charleston, West Virginia; Christopher K. Robertson, JACKSON KELLY PLLC, Martinsburg, West Virginia; John C. Lynch, Elizabeth S. Flowers, TROUTMAN SANDERS LLP, Virginia Beach, Virginia, for Appellant.  Jed Nolan, HAMILTON, BURGESS, YOUNG & POLLARD, P.C., Fayetteville, West Virginia; Karla Gilbride, PUBLIC JUSTICE, P.C., Washington, D. C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Branch Banking & Trust Company ("BB&T") appeals the district court's order denying its motion to compel arbitration in this case in which Latricia E. Goodwin filed a purported class action complaint against BB&T alleging violations of West Virginia's Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 to 46A-8-102. On appeal, BB&T argues that the district court erred in finding that the arbitration provision contained in the contract between the parties was unconscionable under state law, and erred in refusing to sever any unconscionable terms of the provision and enforce the remainder of the arbitration provision. We affirm.

The Federal Arbitration Act (FAA) "grants this [c]ourt jurisdiction to review a district court order denying a motion to compel arbitration." *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330, 333 (4th Cir. 2017) (citing 9 U.S.C. § 6 (2012)). "We review de novo the enforceability of an arbitration provision, and apply a strong federal policy in favor of enforcing arbitration agreements." *Id.* (internal quotation marks omitted).

Pursuant to the FAA,

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2012). "While the Supreme Court has acknowledged a liberal policy favoring arbitration, . . . it has also consistently held that § 2 of the FAA reflects the fundamental principle that arbitration is a matter of contract." *Lorenzo v. Prime Comc'ns, L.P.*, 806 F.3d 777, 781 (4th Cir. 2015) (internal quotation marks omitted).

3

Therefore, courts "must enforce arbitration agreements on an equal footing with other contracts." *BMO Harris Bank*, 856 F.3d at 334 (internal quotation marks omitted). "The FAA preserves state law contract defenses unless such defenses rely on the uniqueness of an agreement to arbitrate and are applied in a fashion that disfavors arbitration." *Id.* (internal quotation marks omitted).

Under West Virginia law, a contract provision that is unconscionable is unenforceable. "West Virginia's traditional unconscionability doctrine . . . requires a showing of both substantive unconscionability, or unfairness in the contract itself, and procedural unconscionability, or unfairness in the bargaining process." *McFarland v. Wells Fargo Bank, N.A.*, 810 F.3d 273, 277 (4th Cir. 2016) (citing *Brown v. Genesis Healthcare Corp.*, 729 S.E.2d 217, 221 (W. Va. 2012)). "To be unenforceable, a contract term must—at least in some small measure—be both procedurally and substantively unconscionable." *Dan Ryan Builders, Inc. v. Nelson*, 737 S.E.2d 550, 558 (W. Va. 2012) (internal quotation marks omitted). "However, both need not be present to the same degree. Courts should apply a 'sliding scale' in making this determination: the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the clause is unenforceable." *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 717 S.E.2d 909, 920 (W. Va. 2011).

"[A] determination of unconscionability must focus on the relative positions of the parties, the adequacy of the bargaining position, the meaningful alternatives available to the plaintiff, and the existence of unfair terms in the contract." *Quicken Loans, Inc. v.*

4

*Brown*, 737 S.E.2d 640, 657 (W. Va. 2012) (internal quotation marks omitted). The foundation for a claim of unconscionability is "gross inadequacy in bargaining power combined with terms unreasonably favorable to the stronger party." *State ex rel. AT&T Mobility, LLC v. Wilson*, 703 S.E.2d 543, 549 (W. Va. 2010) (internal quotation marks omitted). "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Brown*, 729 S.E.2d at 391.

If a court finds that a contract provision is unconscionable, it "may refuse to enforce the contract, enforce the remainder of the contract without the unconscionable clause, or limit the application of any unconscionable clause to avoid any unconscionable result." *Richmond Am. Homes*, 717 S.E.2d at 920. However, a party's offer to waive certain limitations in arbitration provisions should be rejected because one party cannot unilaterally alter the terms of a contract after it is formed and courts are not authorized to remake a contract. *State ex rel. Dunlap v. Berger*, 567 S.E.2d 265, 283-84 (W. Va. 2002) ("[A] court doing equity should not undertake to sanitize any aspect of the unconscionable contractual attempt."). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in determining that the arbitration provision is unconscionable under West Virginia law and in refusing to sever the unconscionable terms from the arbitration provision.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*