**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1854
_____

HAL H. HARRIS;
TERRENCE A. COLBERT,
Appellants

v.

LETICIA R. COUTTIEN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00744)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2025
Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: March 4, 2025)
_____

OPINION[*]
_____

PER CURIAM

       Pro se Appellants Hal H. Harris and Terrence A. Colbert appeal the District

Court's order affirming the Bankruptcy Court's order denying their motion to extend the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

time to file a notice of appeal of the Bankruptcy Court's March 1, 2023 order. For the reasons that follow, we will affirm the District Court's order.

The complicated personal and litigation history between Appellants and the bankruptcy debtor, Leticia Couttien, is well-known to the parties and need not be discussed at length. Briefly, Couttien filed a bankruptcy petition, and Appellants filed an adversary proceeding against her. Couttien and Appellants resolved the adversary proceeding with a stipulation which addressed Appellants' claims against her. Couttien was granted a discharge by the Bankruptcy Court, and the adversary proceeding was closed in 2018. In January 2022, she filed a motion to reopen the bankruptcy proceedings and requested injunctive relief on the grounds that Appellants had violated the discharge order by continuing litigation against her in the state courts. After three days of hearings, the Bankruptcy Court determined that Appellants had violated the discharge injunction and enjoined them from trying to collect on any discharged debt. In re Couttien, No. 5:14-BK-02262-HWV, 2023 WL 2314469, at *1 (Bankr. M.D. Pa. Mar. 1, 2023). The Bankruptcy Court's order was entered on March 1, 2023.

The time to file a notice of appeal expired fourteen days later on March 15, 2023. See Fed. R. Bankr. P. 8002(a)(1); 28 U.S.C. § 158(c)(2). On March 20, 2023, Appellants filed a motion to extend the time to file a notice of appeal from the March 1 order. After holding a hearing, the Bankruptcy Court denied the motion. Appellants then timely appealed that order to the District Court. The District Court concluded that the

2

Bankruptcy Court did not abuse its discretion in denying the motion to extend the time. Appellants filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We exercise the same standard of review over the Bankruptcy Court's order as the District Court did. We review any legal determinations de novo, any factual findings for clear error, and the Bankruptcy Court's exercise of discretion for an abuse thereof. In re Am. Classic Voyages Co., 405 F.3d 127, 130 (3d Cir. 2005). A court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012). A court can also abuse its discretion if no reasonable person would adopt its view or if we have a "definite and firm conviction that the court ... committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (citation omitted).

While Appellants spend much of their brief describing their history with Couttien and challenging the Bankruptcy Court's March 1, 2023 order, that order is not before us.

The only issue before us is whether the Bankruptcy Court abused its discretion when it denied Appellants' motion to extend the time to file their notice of appeal.[1]

A bankruptcy court may extend the time to file a notice of appeal if, inter alia, the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1)(B). The Supreme Court has set forth four factors to be weighed in determining whether a party has shown excusable neglect: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Here, the Bankruptcy Court found the first two factors in Appellants' favor; it determined that there was no prejudice to Couttien and the short length of the delay would not disrupt any other legal proceedings. As for the third factor, however, the Bankruptcy Court concluded that the reason for the delay was within the reasonable

---

[1] In their brief, Appellants argue that the District Court erred by not applying Fed. R. Civ. P. 6(a) & (d). They suggest that with the application of these rules, their notice of appeal was timely as to the Bankruptcy Court's March 1, 2023 order. Their argument is without merit. Appellants assert that they had until March 20 to file the notice of appeal because the March 1 order was not mailed until March 3, and they were entitled to three additional days to file the notice of appeal. However, a notice of appeal from an order of a bankruptcy court must be filed within 14 days after the order is *entered*. See Fed. R. Bankr. P. 8002(a)(1); 28 U.S.C. § 158(c)(2). And Fed. R. Civ. P. 6(d) allows for additional time to respond when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C). Rule 5(b)(2)(C) concerns pleadings and other papers *served* by mail; it does not include orders *entered* by the court. See Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir. 1975) (per curiam); cf. Eastman v. First Data Corp., 736 F.3d 675, 677 (3d Cir. 2013) (per curiam).

control of Appellants because they could have monitored the docket to discover the entry of the order within the time to file a timely notice of appeal. The Bankruptcy Court did not address the fourth factor of good faith because it determined that even if Appellants could conclusively prove they did not receive the March 1 order until after the deadline, they would still not meet the requirements for an extension of time.

On appeal, Appellants suggest that, with the goal of preventing their appeal of its March 1 order, the Bankruptcy Court withheld its order until after the time to appeal had expired. They speculate that the order was not mailed until the day before they received it. Appellants, however, ignore a certificate of notice in which an employee of the Bankruptcy Court declared under penalty of perjury that the order was mailed to Appellants on March 3. See ECF #150, In re Couttien, No. 5:14-BK-02262-HWV (Bankr. M.D. Pa. Mar. 3, 2023). Appellants also discount the probability that any delay in the delivery of the order occurred after it was mailed by the Bankruptcy Court. In fact, as an exhibit to a motion to grant their motion for an extension as unopposed, Appellants attached a letter from Harris to his local postmaster in which Harris complained of multiples instances of mail delayed, misdirected, or never delivered, including the Bankruptcy Court's order.

Appellants do not dispute that they could have checked the docket to ensure timely notice of the Bankruptcy Court's decision. At the April 25, 2023 hearing before the Bankruptcy Court, Harris admitted that he checked the docket "every now and then." Tr. 4/25/2023 at 24-25. Rather, Appellants argue that it was unreasonable for the

Bankruptcy Court to expect them to monitor the docket regularly for six months. We agree with the Bankruptcy Court that the reason for the delay in filing the notice of appeal was within the reasonable control of Appellants and conclude that the Bankruptcy Court did not abuse its discretion in denying Appellants' motion to extend the time to file a notice of appeal.

For the above reasons, we will affirm the District Court's judgment. Appellants' request for costs is denied. See Fed. R. App. P. 39(a)(2).